567 A.2d 707

**COMMONWEALTH of Pennsylvania**

v.

**David SAUTER, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 25, 1989.

Filed Dec. 15, 1989.

Petition for Allowance of Appeal Denied April 30, 1990.

John H. Corbett, Jr., Public Defender, Pittsburgh, for appellant.

Claire C. Capristo, Asst. Dist. Atty., Pittsburgh, for Com., appellee.

Before BROSKY, WIEAND and MELINSON, JJ.

WIEAND, Judge:

David Sauter entered pleas of guilty to robbery[1] and

---

1. 18 Pa.C.S. § 3701(a)(1)(i) or (ii).

aggravated assault.[2]  He was sentenced to serve consecutive terms of imprisonment of not less than ten years nor more than twenty years for robbery and not less than five years nor more than ten years for aggravated assault.  In response to a motion to modify the sentence, however, the trial court ordered the sentences of imprisonment to be served concurrently.  On direct appeal, Sauter is represented by new counsel who argues that the guilty plea colloquy was defective, that guilty plea counsel was ineffective for failing to seek a withdrawal of the guilty plea, and that the sentence was excessive.  We find no merit in these arguments and affirm the judgment of sentence.

Appellant contends that the seven page "Explanation of Defendant's Rights" form, containing questions which he read, answered and signed, was inadequate to satisfy the "on the record" colloquy requirement for a valid plea of guilty.  This "explanation of rights" was a thorough review of the effect of a plea of guilty and a statement of the rights being surrendered by the entry of a plea of guilty.  When appellant appeared in court to tender his guilty plea, the trial judge advised him of the elements of the offenses to which he was entering pleas of guilty and the maximum sentences which could be imposed therefor. The Commonwealth also reviewed the facts of the case,[3] and defendant, through his counsel, stated that there were no corrections or additions.  The trial court also inquired regarding appellant's ability to read and write English and then addressed to him a series of questions and received answers as follows:

> THE COURT:  Mr. Sauter, why are you pleading guilty?

> MR. SAUTER:  Because I am guilty.

---

**2.**  18 Pa.C.S. § 2702(a)(1).

**3.**  Appellant and an accomplice were accused of entering the home of an 86 year old woman, where they repeatedly kicked and struck her while demanding money.  As a result of the incident the female victim sustained injuries for which she was hospitalized for eight days.

THE COURT: Have there been any threats or promises to influence your plea?

MR. SAUTER: No.

THE COURT: Are you presently on probation or parol [sic]?

MR. SAUTER: No.

THE COURT: You filled out the guilty plea explanation of defendant's rights. Did you read and answer every question?

MR. SAUTER: Yes.

THE COURT: Did you do so while your attorney was available.

MR. SAUTER: Yes.

THE COURT: Are you satisfied with the services of Mr. Foglia?

MR. SAUTER: Yes.

THE COURT: I find that you understand the proceedings today; that your plea is knowingly, intelligently and voluntarily made.

Pa.R.Crim.P. 319 directs that a guilty plea shall not be accepted by a trial court unless there has been a determination, after inquiry directed to the defendant, that the plea is being tendered voluntarily and understandingly. The comment to the Rule suggests a series of questions to be asked of the defendant; and inquiry into these areas has been held to be mandatory. See: *Commonwealth v. Willis*, 471 Pa. 50, 369 A.2d 1189 (1977) and *Commonwealth v. Dilbeck*, 466 Pa. 543, 353 A.2d 824 (1976). The comment states further that "nothing in the rule would preclude the use of a written colloquy that is read, completed, signed by the defendant, and made part of the record of the plea proceedings." However, such a "written colloquy would have to be supplemented by some on-the-record oral examination." See also: *Commonwealth v. Moore*, 365 Pa.Super. 65, 528 A.2d 1364 (1987).

We have examined the written statement of appellant's rights and have concluded that it covered the areas of inquiry required by Pa.R.Crim.P. 319, as well as many other concerns. When supplemented by the in-court colloquy, it suggests most strongly that appellant's guilty plea was entered knowingly and intelligently. Such a colloquy is not defective.

■ Appellant also contends that his guilty plea counsel was constitutionally ineffective for failing to request a more extensive oral colloquy and for failing to seek to withdraw his client's guilty plea. There is no arguable merit in this contention. The proceedings were sufficient to enable the trial court to determine that the guilty plea was being entered voluntarily and knowingly, and thus there was no basis on which counsel could properly challenge appellant's plea or move to withdraw the same. For the same reason, counsel was not ineffective for recommending withdrawal of the pro se motion to withdraw the plea which appellant filed after he had been sentenced.

■ Appellant also contends that the sentence imposed by the trial court was excessive and failed to consider mitigating factors. He alleges that a substantial issue exists regarding the appropriateness of the sentence because the court focused on the seriousness of the offense and failed to consider his youth, the fact that he had entered a plea of guilty, his efforts to improve himself, his problem with alcohol, tragedies of his childhood and the absence of prior violence. On the other hand, it is clear that the sentencing court had the benefit of a pre-sentence investigation which it considered carefully. See: *Commonwealth v. Devers*, 519 Pa. 88, 546 A.2d 12 (1988). Therefore, we do not perceive a substantial issue regarding the discretionary aspects of the sentence imposed by the trial court and will not review the same further.

The judgment of sentence is affirmed.