J-S14041-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| CHRISTOPHER DEVINE | |
| Appellant | No. 2528 EDA 2016 |

Appeal from the Judgment of Sentence March 6, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0005543-2010, CP-51-CR-0005546-2010, CP-51-CR-0005915-2012, CP-51-CR-0005951-2012

BEFORE:  OTT, J., MCLAUGHLIN, J., and RANSOM, J.[*]

MEMORANDUM BY RANSOM, J.:                    **FILED MAY 02, 2018**

Appellant, Christopher Devine, appeals from the judgment of sentence of ten to twenty years of incarceration and fourteen years of probation, imposed March 6, 2014, following a plea of *nolo contendere* that resulted in his conviction for rape – forcible compulsion, involuntary deviate sexual intercourse, indecent assault of a person less than thirteen years of age, endangering the welfare of children, and corruption of minors.[1]  We affirm.

In May 2010, Appellant was arrested and charged with various sexual offenses against minors at docket numbers CP-51-CR-0005543-2010 and CP-51-CR-0005546-2010.  In May 2012, he was charged with sexual offenses against minors at docket numbers CP-51-CR-0005915-2012 and CP-51-CR-

---

[1] 18 Pa.C.S. §§ 3121(a)(1), 3123(a)(1), 3126(a)(7), 4304(a), 6301(a)(1).

[*] Retired Senior Judge Assigned to the Superior Court.

0005951-2012.  In July 2012, all four matters were consolidated.  After jury selection and immediately prior to trial, on April 17, 2013, Appellant pleaded *nolo contendere* to the above charges.  The court noted that the Commonwealth was offering a plea bargain of twenty to forty years, but the court would halve that in exchange for Appellant's agreement to plead that day.  **See** Notes of Testimony (N.T.), 4/17/13, at 30-32.  Appellant "took the deal."  **Id.** at 32.

At the hearing, the Commonwealth introduced the facts to which Appellant pleaded.  Namely, Appellant engaged in the systemic rape and sexual abuse of his three stepdaughters and his biological daughter when they were between the ages of five and seven, nine and twelve, and thirteen and fifteen.  **Id.** at 39-42.  Additionally, Appellant forced the girls to drink alcohol and smoke marijuana, and pulled them out of school to participate in a fraud scheme that he had conducted.  **Id.**

Prior to the court's accepting his plea, the Commonwealth requested a finding of substantial prejudice due to two out-of-state victims being flown into the jurisdiction, and permission from the United States Attorney's Office of Maryland to secure both a witness and Appellant from federal custody.  **Id.** at 43-44.  In addition, Appellant executed a supplement to his plea colloquy, which stated that (1) he could not withdraw his plea of guilty, unless the sentencing court did not accept the agreement; (2) if he did seek to withdraw his plea, the post-sentence standard would be applied to his request in

exchange for the negotiated plea of ten to twenty years of incarceration. **See** Supplement to Guilty Plea Colloquy, 4/17/13, at 1.

On September 20, 2013, Appellant *pro se* filed a request to withdraw his plea, asserting a bare claim of innocence and contending that as a result of his innocence it would be a manifest injustice to be designated a sexually violent predator, requiring registration as a sex offender for life. **See** Mot. to Withdraw Plea, 9/20/13, at ¶¶ 1-9. It appears that the court held a hearing on the request on November 26, 2013, at which time some evidence was introduced. **See**, **e.g.**, Notes of Testimony (N.T.), 3/6/14, at 3-4. However, these notes of testimony are not included in the certified record, nor does it appear that Appellant requested that they be produced.[2]

On March 6, 2014, the matter proceeded to sentencing. At that time, the court informed Appellant that his motion to withdraw his plea was denied.

---

[2] "This Court cannot meaningfully review claims raised on appeal unless we are provided with a full and complete certified record." **Commonwealth v. Preston**, 904 A.2d 1, 7 (Pa. Super. 2006) (citations omitted). "As an appellate court, we are limited to considering only those facts that have been duly certified in the record on appeal." **Commonwealth v. Spotz**, 18 A.3d 244, 323 (Pa. 2011) (citations omitted). Where the record is inadequate, there is 1) no support for an appellant's argument and 2) no basis on which relief may be granted. **Preston**, 904 A.2d at 7. It is unequivocally the appellant's responsibility to ensure the record is complete on appeal and contains all materials necessary for this Court to perform its duty. **Id.**; **see also** Pa.R.A.P. 1911(d) (stating that "[i]f the appellant fails to take the action required by these rules and the Pennsylvania Rules of Judicial Administration for the preparation of the transcript, the appellate court may take such action as it deems appropriate, which may include dismissal of the appeal."). Accordingly, we may not consider any claims related to Appellant's innocence that were raised during that hearing. **See** Pa.R.A.P. 19111(d).

*See* N.T., 3/6/14, at 4. The court sentenced Appellant to ten to twenty years of incarceration, consecutive to his prior federal sentence, and fourteen years of consecutive probation. Appellant filed a post-sentence motion arguing that the court had erred in denying his presentence motion to withdraw his plea. His motion did not reference the supplement to the plea colloquy. The motion was denied, and Appellant did not file a direct appeal.

Appellant timely filed a petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, arguing that his trial counsel had provided ineffective assistance due to his failure to preserve Appellant's direct appeal rights. Following a hearing, the court reinstated Appellant's direct appeal rights *nunc pro tunc*.

Appellant timely appealed.[3] Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

On appeal, Appellant raises the following issue for our review:

_____

[3] In August 2016, we issued a rule to show cause why the appeals taken from CP-51-CR-0005546-2016, CP-51-CR-0005915-2012, and CP-51-CR-0005951-2012 should not be quashed as untimely filed, as the dockets indicated *nunc pro tunc* relief was only granted in CP-51-CR-0005543-2010. *See* Rule to Show Cause, 8/23/16, at 1. Appellant responded, averring that on August 24, 2016, the trial court issued an order clarifying that it had reinstated appellate rights in all four cases, but a clerical error on the docket left off the order in three of the cases. *See* Response to Rule to Show Cause, 8/29/16, at 1-2. The rule to show cause was discharged, and the issue referred to this panel. Following an examination of the trial court's order issued August 24, 2016, and the docket in the instant matter, we determine that Appellant's appeals in all four matters are timely filed.

1. Where the Appellant moved to withdraw his plea before sentencing did the [l]ower [c]ourt abuse its discretion in failing to grant the motion?

Appellant's Brief at 7.

Appellant's single claim is that the court erred in denying his pre-sentence motion to withdraw his plea. *See* Appellant's Brief at 10. He acknowledges that there is no absolute right to withdraw his plea, but contends that the Commonwealth did not introduce any evidence of prejudice that arose after Appellant entered his plea. *Id.*

There are different standards for reviewing requests to withdraw a guilty plea before and after a sentence is imposed. ***Commonwealth v. Flick***, 802 A.2d 620, 623 (Pa. Super. 2002). Pre-sentence, the court administers its discretion liberally in favor of the accused, and "any demonstration by a defendant of a fair-and-just reason will suffice to support a grant, unless withdrawal would work substantial prejudice to the Commonwealth." ***See Commonwealth v. Carrasquillo***, 115 A.3d 1284, 1291-92 (Pa. 2015). In contrast,

> [P]ost-sentence motions for withdrawal are subject to higher scrutiny since courts strive to discourage entry of guilty pleas as sentence-testing devices. A defendant must demonstrate that manifest injustice would result if the court were to deny his post[-]sentence motion to withdraw a guilty plea. Manifest injustice may be established if the plea was not tendered knowingly, intelligently, and voluntarily. In determining whether a plea is valid, the court must examine the totality of circumstances surrounding the plea. A deficient plea does not per se establish prejudice on the order of manifest injustice.

*Commonwealth v. Broaden*, 980 A.2d 124, 129 (Pa. Super. 2009) (internal citations omitted).

Here, the trial court and Appellant both present arguments regarding the pre-sentence standard.[4]  However, as the Commonwealth notes, prior to his plea, Appellant executed a supplemental colloquy waiving his right to the pre-sentence standard should he seek to withdraw his plea.  **See** Supplement to Guilty Plea Colloquy, 4/17/13, at 1.

Our Court has recognized that defendants may waive valuable rights as part of their plea agreements if that waived is key to "obtaining a bargained-for exchange from the Commonwealth."  **See Commonwealth v. Byrne**, 833 A.2d 729, 735-36 (Pa. Super. 2003).  These rights include constitutional rights, such as the right to a trial by jury and confrontation of witnesses, and statutory rights, such as the right to credit for time served.  **Id.**  In so finding, we noted that a defendant entering into a negotiated plea deal who sought to avoid a specific negotiated term "would undermine the designs and goals of plea bargaining" and "make a sham of the negotiated plea process."  **Id.** at 735; **see also Commonwealth v. Porreca**, 595 A.2d 23, 26 (Pa. 1991) (noting that the defendant may not withdraw his plea where the sentencing court does not follow the Commonwealth's sentencing recommendation so long as the defendant is informed that the recommendation is not binding on

_____

[4] Appellate courts may affirm for any valid reason appearing as of record. **See Commonwealth v. Fant**, 146 A.3d 1254, 1265 n.13 (Pa. 2016).

the court, and that he cannot withdraw his plea if the court does not follow it).

Thus, we may apply the post-sentence "manifest injustice" standard so long as the plea comports with the requirements therein. "Manifest injustice" may result when a plea was not tendered knowingly, intelligently, and voluntarily. ***Broaden***, 980 A.2d at 129. In determining whether a plea was entered knowingly and voluntarily, this Court considers the totality of the circumstances surrounding the plea. ***Commonwealth v. Flanagan***, 854 A.2d 489, 513 (Pa. 2004). A valid plea colloquy examines

> 1) the nature of the charges, 2) the factual basis for the plea, 3) the right to a jury trial, 4) the presumption of innocence, 5) the sentencing ranges, and 6) the plea court's power to deviate from any recommended sentence.

***Commonwealth v. Morrison***, 878 A.2d 102, 107 (Pa. Super. 2005) (quoting ***Flanagan***, ***supra***).

Here, both the oral and written colloquies were sufficient to confirm all of the above requirements. ***See*** N.T., 4/17/13, at 35-42.; ***see also*** Guilty Plea Colloquy, 4/17/13, at 1-4; Supplemental Guilty Plea Colloquy, 4/17/13, at 1. Appellant testified that no one had forced or threatened him to enter the plea; that he was satisfied with plea counsel; and he entered the plea voluntarily. ***See*** N.T., 4/17/13, at 42-43. Instead of the twenty to forty years of incarceration that Appellant faced, he was given half of that sentence. ***Id.*** at 30-32. Thus, from the totality of the circumstances, we determine that the plea was valid. ***See Flanagan***, 854 A.2d at 513; ***see also Commonwealth***

***v. Sauter***, 567 A.2d 707, 708-09 (Pa. Super. 1989) (noting that oral and written colloquies suggested that the plea was knowing, intelligent, and voluntary).

Indeed, Appellant's petition does not provide us with any further reason to find that he was subject to a manifest injustice. He baldly asserts that he is innocent, without supporting facts or even claims, and appears to only have sought to withdraw his plea after discovering he would be subject to lifetime sex offender registration. ***See Commonwealth v. Kpou***, 153 A.3d 1020, 1024 (Pa. Super. 2016) (noting that bald post-sentence assertion of innocence, alone, does not establish manifest injustice); ***see also*** Mot. to Withdraw Plea, 9/20/13, at ¶¶ 1-9. Accordingly, the court did not err or abuse its discretion in denying said motion. ***Broaden***, 980 A.2d at 129.

Judgment of sentence affirmed.

Judge Ott joins the memorandum.

Judge McLaughlin concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/2/18