J-S25022-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
RICHARD RHONE GASTON :
:
Appellant : No. 1885 MDA 2018

Appeal from the Judgment of Sentence Entered August 18, 2017
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0001842-2017

BEFORE: STABILE, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MURRAY, J.: **FILED: MAY 21, 2019**

Richard Rhone Gaston (Appellant) appeals from the judgment of sentence imposed after he pled guilty to possession with intent to deliver (PWID) cocaine, criminal conspiracy, and possession of drug paraphernalia.[1] Additionally, Appellant's counsel, Diana C. Kelleher, Esquire (Counsel) seeks to withdraw from representation pursuant to **Anders v. California**, 38 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009). Upon review, we grant Counsel's petition to withdraw and affirm Appellant's judgment of sentence.

Appellant entered a negotiated guilty plea to PWID, criminal conspiracy, and possession of drug paraphernalia on August 18, 2017. That same day, the trial court sentenced Appellant to 2½ to 5 years of incarceration in a state

---

[1] 35 P.S. § 780-113(a)(30); 18 Pa.C.S.A. § 903; and 35 P.S. § 780-113(a)(32).

correctional institution. At that time, Appellant was represented by Michael Marinaro, Esquire.

On August 25, 2017, Appellant filed *pro se* a "motion for direct appeal," challenging the legality of his plea and sentence. The motion was forwarded to Attorney Marinaro, still Appellant's counsel of record, pursuant to Pa.R.Crim.P. 576(a)(4), but was not served upon the trial court. On August 29, 2017, Appellant filed a second *pro se* pleading, a post-sentence motion seeking to withdraw his guilty plea and asserting his innocence. This motion was also forwarded to Attorney Marinaro, but not the court. Attorney Marinaro did not file a counseled post-sentence motion or direct appeal, nor did he seek to withdraw as counsel.

On January 19, 2018, Appellant timely filed a *pro se* petition for post-conviction relief, raising claims related to ineffective assistance of trial counsel regarding the plea and his representation. Current Counsel was appointed and filed a **Turner/Finley**[2] no merit letter and accompanying petition to withdraw representation. The court sent Appellant notice pursuant to Pa.R.Crim.P. 907 that his petition would be dismissed without a hearing; Appellant responded to the notice. Following an *in camera* meeting between all counsel and the court, Counsel filed an amended PCRA petition on September 27, 2018. On October 15, 2018, due to Attorney Marinaro's failure

---

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

to file a direct appeal or ensure that an appeal was filed by another attorney, the court restored Appellant's direct appeal rights.

This timely appeal followed. Both Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925. On March 18, 2019, Counsel filed an *Anders* brief and accompanying petition to withdraw as counsel, in which she argues that Appellant's appeal is frivolous and requests permission from this Court to withdraw as counsel.

When faced with a purported *Anders* brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw. *Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). Prior to withdrawing as counsel on direct appeal under *Anders*, counsel must file a brief that meets the requirements established by the Pennsylvania Supreme Court in *Santiago*, namely:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

> Counsel also must provide a copy of the *Anders* brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed

> pro se on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the **Anders** brief." **Commonwealth v. Nischan**, 928 A.2d 349, 353 (Pa. Super. 2007), *appeal denied*, 594 Pa. 704, 936 A.2d 40 (2007).

**Commonwealth v. Orellana**, 86 A.3d 877, 879-880 (Pa. Super. 2014). After determining that counsel has satisfied these technical requirements of **Anders** and **Santiago**, only then may this Court "conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." **Commonwealth v. Flowers**, 113 A.3d 1246, 1250 (Pa. Super. 2015) (citations and footnote omitted).

Counsel's **Anders** brief complies with the above requirements. She includes a summary of the relevant factual and procedural history; she refers to the portions of the record and relevant authority that could arguably support Appellant's claim; and she sets forth the conclusion that the appeal is frivolous and no other issues could be raised. Additionally, Counsel has supplied Appellant with a copy of the **Anders** brief and a letter explaining the rights enumerated in **Nischan**, **supra**. Thus, Counsel has complied with the technical requirements for withdrawal, and we therefore proceed to independently review the record to determine if the issues raised are frivolous, and to ascertain whether there are non-frivolous issues Appellant may pursue on appeal.

Counsel's **Anders** brief raises a single issue for our review: "Should appellate counsel be granted leave to withdraw because any appellate issues in the instant case are frivolous?" **Anders** Brief at 4. Specifically, Counsel

notes that Appellant's request to withdraw his guilty plea was frivolous. ***Id.*** at 10-15.

There are different standards for reviewing requests to withdraw a guilty plea before and after a sentence is imposed. ***Commonwealth v. Flick***, 802 A.2d 620, 623 (Pa. Super. 2002). Pre-sentence, the court administers its discretion liberally in favor of the accused, and "any demonstration by a defendant of a fair-and-just reason will suffice to support a grant, unless withdrawal would work substantial prejudice to the Commonwealth." ***See Commonwealth v. Carrasquillo***, 115 A.3d 1284, 1291-92 (Pa. 2015). In contrast,

> post-sentence motions for withdrawal are subject to higher scrutiny since courts strive to discourage entry of guilty pleas as sentence-testing devices. A defendant must demonstrate that manifest injustice would result if the court were to deny his post[-]sentence motion to withdraw a guilty plea. Manifest injustice may be established if the plea was not tendered knowingly, intelligently, and voluntarily. In determining whether a plea is valid, the court must examine the totality of circumstances surrounding the plea. A deficient plea does not per se establish prejudice on the order of manifest injustice.

***Commonwealth v. Broaden***, 980 A.2d 124, 129 (Pa. Super. 2009) (internal citations omitted).

Our Court has recognized that defendants may waive valuable rights as part of their plea agreements if that waiver is key to "obtaining a bargained-for exchange from the Commonwealth." ***See Commonwealth v. Byrne***, 833 A.2d 729, 735-36 (Pa. Super. 2003). These rights include constitutional rights, such as the right to a trial by jury and confrontation of witnesses, and

statutory rights, such as the right to credit for time served. *Id.* In so finding, we noted that a defendant entering into a negotiated plea deal who sought to avoid a specific negotiated term "would undermine the designs and goals of plea bargaining" and "make a sham of the negotiated plea process." *Id.* at 735; *see also Commonwealth v. Porreca*, 595 A.2d 23, 26 (Pa. 1991) (noting that the defendant may not withdraw his plea where the sentencing court does not follow the Commonwealth's sentencing recommendation so long as the defendant is informed that the recommendation is not binding on the court, and that he cannot withdraw his plea if the court does not follow it).

Thus, we may apply the post-sentence "manifest injustice" standard so long as the plea comports with the requirements therein. "Manifest injustice" may result when a plea was not tendered knowingly, intelligently, and voluntarily. *Broaden*, 980 A.2d at 129. In determining whether a plea was entered knowingly and voluntarily, this Court considers the totality of the circumstances surrounding the plea. *Commonwealth v. Flanagan*, 854 A.2d 489, 513 (Pa. 2004). A valid plea colloquy examines:

> 1) the nature of the charges, 2) the factual basis for the plea, 3) the right to a jury trial, 4) the presumption of innocence, 5) the sentencing ranges, and 6) the plea court's power to deviate from any recommended sentence.

*Commonwealth v. Morrison*, 878 A.2d 102, 107 (Pa. Super. 2005) (quoting *Flanagan*, *supra*).

Instantly, both of Appellant's oral and written colloquies were sufficient to confirm all of the above requirements. ***See*** N.T., 8/18/17, at 2-11; ***see also*** Guilty Plea Colloquy, 8/18/17, at 1-7. Appellant indicated on his written colloquy that no one had forced or threatened him to enter the plea; that he was satisfied with plea counsel; and he entered the plea voluntarily. ***See*** Guilty Plea Colloquy, 8/18/17, at 1-7. Rather than the approximately 20 to 40 years of incarceration that Appellant faced, he was sentenced only to 2½ to 5 years of incarceration, which was the original sentence offered to him. ***See*** N.T. at 6, 10-11. As a further condition of Appellant's plea, charges were not filed against his wife, who was arrested with him and who was responsible for the care of their children. ***Id.*** at 9-10. Thus, from the totality of the circumstances, we determine that the plea was valid. ***See Flanagan***, 854 A.2d at 513; ***Morrison***, 878 A.2d at 107; ***see also Commonwealth v. Sauter***, 567 A.2d 707, 708-09 (Pa. Super. 1989) (noting that oral and written colloquies suggested that the plea was knowing, intelligent, and voluntary).

Appellant's original motion to withdraw his guilty plea, as well as his claims of ineffective assistance of counsel, do not provide us with any further reason to find that he was subject to manifest injustice. First, Appellant claimed that he was innocent of the charges against him. Appellant noted that he was not aware of the plea deal; that he was threatened with his wife's imprisonment if he did not enter the plea deal; and that Attorney Mariano told him he would not represent Appellant at trial. ***See*** Mot. to Withdraw Guilty Plea, 8/25/17, at 1-4; PCRA Petition, 1/19/18, at 1-8.

Initially, we note that by asserting his innocence to the charges he pled guilty to, Appellant implies that his responses to the plea colloquies were untruthful. A defendant who elects to plead guilty "is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." ***Commonwealth v. Turetsky***, 925 A.2d 876, 881 (Pa. Super. 2007) (quotations and citations omitted). "A criminal defendant who elects to plead guilty has a duty to answer questions truthfully." ***Id***. Because "[a] defendant is bound by the statements which he makes during his plea colloquy[,]" ***Commonwealth v. Orlando***, 156 A.3d 1274, 1281 (Pa. Super. 2017), Appellant cannot now propose that his guilty plea was not entered into voluntarily, knowingly, or intelligently.

Appellant's remaining claims are likewise belied by the record. He was scheduled for trial the week following his guilty plea, and trial counsel did not withdraw representation. ***See*** Order, 7/23/17, at 1. Further, Appellant signed an extensive plea colloquy, and testified that he had reviewed the colloquy with his attorney and acknowledged the facts supporting his conviction. ***See*** N.T., 2-7. Appellant declined to speak on his own behalf and did not communicate any of the above issues to the court. ***Id.*** at 10. Attorney Marinaro indicated that the plea deal had been in place since Appellant waived his preliminary hearing. ***Id.*** at 9. Charges were not filed against Appellant's wife as a condition of the plea, and Appellant indicated at the colloquy that he was grateful. ***Id.*** Accordingly, the record does not reflect any manifest

injustice in the circumstances surrounding Appellant's plea and sentencing.[3] **Broaden**, 980 A.2d at 129.

For the above reasons, we conclude that the trial court would not have erred in denying Appellant's motion to withdraw his guilty plea. Finally, our independent review of the proceedings reveals no other non-frivolous issues that Appellant could raise on appeal. **See Flowers**, 113 A.3d at 1250. Thus, we grant Counsel's petition to withdraw and affirm Appellant's judgment of sentence.

Petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/21/2019

---

[3] Appellant also raised issues more properly characterized as ineffective assistance of counsel. **See** PCRA Petition, 1/19/18, at 1-8. However, these issues are more appropriately raised on collateral review. **See Commonwealth v. Grant**, 813 A.2d 726, 738 (Pa. 2002) (providing ineffectiveness claims are generally reserved for collateral review); **Commonwealth v. Leverette**, 911 A.2d 998, 1004 (Pa. Super. 2006) (explaining ineffectiveness claims may be raised on direct appeal only in certain circumstances which are not present here).