J-S23007-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TYMEIR HENDERSON | : | |
| | : | |
| Appellant | : | No. 1860 EDA 2024 |

Appeal from the Judgment of Sentence Entered October 19, 2022
In the Court of Common Pleas of Montgomery County
Criminal Division at No: CP-46-CR-0003372-2022

BEFORE: STABILE, J., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY STABILE, J.: **FILED NOVEMBER 5, 2025**

Appellant, Tymeir Henderson, who is serving a sentence of 30-60 years' imprisonment for third-degree murder and aggravated assault, appeals from an order denying his post-sentence motion to withdraw his guilty plea. We affirm.

Appellant was charged with shooting and killing Dyon Thompson and then shooting and wounding Quadir Miller as Miller was attempting to flee. Appellant entered a negotiated guilty plea to third-degree murder and aggravated assault. In exchange, the Commonwealth withdrew the remaining charges, including first-degree murder. The trial court conducted a colloquy to ensure that Appellant entered his plea knowingly, intelligently, and voluntarily. The court imposed the agreed sentence of 30 to 60 years' imprisonment that day. N.T. 10/19/22 at 4-21.

Several days later, Appellant moved to withdraw his guilty plea, and the court ordered a hearing. There, Appellant claimed that he entered the plea because he felt pressured to do so. He further claimed that he had since decided that he no longer believed his sentence was beneficial, that he misjudged his attorney, and that he now wanted to go to trial. N.T. 11/1/2022 at 4-6. The court denied Appellant's motion to withdraw his plea.

Appellant's counsel requested to withdraw at the close of the hearing. The court granted the request and informed Appellant that it would appoint new counsel if he wished to appeal. At that time, Appellant indicated that he intended to appeal. The court instructed Appellant's counsel to assist him in filling out an application to the Montgomery County Public Defender's office. It also instructed the Clerk of Courts to enter an order appointing the public defender. *Id.* at 11-15. Despite the court's instructions, no order was filed, and counsel was not appointed. No appeal was filed.

On May 5, 2023, Appellant filed a timely *pro se* petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. The court dismissed the petition on the ground that it received a "no merit" letter from PCRA counsel along with counsel's petition to withdraw. Appellant appealed to this Court. On May 14, 2024, this Court reversed and remanded at 2295 EDA 2023 because there was no petition to withdraw or a no merit letter in the record. We instructed the PCRA court to notify PCRA counsel that he could either file an amended petition on Appellant's behalf or a proper petition to withdraw and no merit letter.

- 2 -

On remand, PCRA counsel amended the petition to request reinstatement of Appellant's right to appeal the denial of his post-sentence motion. The PCRA court granted the request and appointed new counsel (the public defender) to represent Appellant. This timely appeal followed. Both Appellant and the lower court complied with Pa.R.A.P. 1925.

Appellant raises a single issue in this appeal, "Did the lower court err in denying [Appellant's] Motion to Withdraw Guilty Plea on the ground that manifest necessity for withdrawal did not exist[?]" Appellant's Brief at 2. Appellant argues that he "was not well versed in the law and was pressured and harassed by trial counsel into accepting the plea without understanding that the plea entailed a recommended sentence that imposed the statutory maximum for both third-degree murder and aggravated assault with each sentence running consecutively." *Id.* at 12-13.

This Court reviews the denial of a request to withdraw a guilty plea for abuse of discretion. *Commonwealth v. Hart*, 174 A.3d 660, 664 (Pa. Super. 2017). There is no absolute right to withdraw a guilty plea. *Id.* A defendant who seeks to withdraw a guilty plea after sentencing must demonstrate "prejudice on order of manifest injustice."[1] *Id.* "Manifest injustice occurs

---

[1] In this regard, Appellant's reliance on *Commonwealth v. Elia*, 83 A.3d 254 (Pa. Super. 2013), is misplaced. *Elia* involved a pre-sentence motion to withdraw a guilty plea, wherein the standard for withdrawing a guilty plea is more relaxed compared to a post-sentence motion for withdrawal such as Appellant's motion.

*(Footnote Continued Next Page)*

when the plea is not tendered, knowingly, intelligently, voluntarily, and understandingly." *Id.* "[P]ost-sentence motions for withdrawal are subject to higher scrutiny since the courts strive to discourage the entry of guilty pleas as sentence-testing devices." *Commonwealth v. Flick*, 802 A.2d 620, 623 (Pa. Super. 2002).

To establish that a guilty plea is voluntary and knowing, the trial court must conduct a colloquy that shows the factual basis for the plea and that the defendant understands the nature of the charge to which he is pleading guilty, his right to a jury trial, the presumption of innocence, the permissible sentencing range for the charge to which he is pleading guilty, and the court's

_____

Even if Appellant had moved to withdraw his guilty plea prior to sentencing, *Elia* no longer provides the correct standard. At the time we decided *Elia*, the law provided that "an assertion of innocence may constitute a fair and just reason for the pre-sentence withdrawal of a guilty plea." *Id.* at 263. Two years after *Elia*, however, our Supreme Court held that a bare assertion, in and of itself, was no longer a sufficient reason to withdraw a guilty plea prior to sentencing. *Commonwealth v. Carrasquillo*, 115 A.3d 1284, 1285 (Pa. 2015). The Court held:

> [W]e are persuaded by the approach of other jurisdictions which require that a defendant's innocence claim must be at least plausible to demonstrate, in and of itself, a fair and just reason for presentence withdrawal of a plea … More broadly, the proper inquiry on consideration of such a withdrawal motion is whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice.

*Id.* at 1292. For these reasons, Appellant's reliance on the standard referenced in *Elia* is unavailing.

power to reject terms of a plea agreement. ***Commonwealth v. Jamison***, 284 A.3d 501, 506 (Pa. Super. 2022).

The denial of Appellant's motion to withdraw his guilty plea was a proper exercise of discretion. At the plea hearing, the court conducted a full colloquy, in which Appellant acknowledged that he understood the requisite areas listed above. The court accepted a written colloquy as a supplement. ***See Commonwealth v. Sauter***, 567 A.2d 707, 708-09 (Pa. Super. 1989) (written plea colloquy supplemented by an oral colloquy suggests "most strongly" that defendant's plea was knowing and intelligent). The court explained the nature of the charges and the elements of each charge to Appellant. Appellant understood that he was giving up his right to a jury trial by entering the plea. He further agreed to the factual basis for the plea. N.T. 10/19/2022 at 5-21.

Despite Appellant's claims to the contrary in his motion to withdraw and in this Court, he was aware that he would be receiving the maximum sentence on his charges of third-degree murder and aggravated assault. The prosecution put the terms of the plea on the record at the start of the colloquy. The Commonwealth stated that he would receive an aggregate sentence of 30 to 60 years' imprisonment. His counsel explained to him that his sentences for each charge would run consecutively. Appellant acknowledged that he was aware of the maximum possible sentence on each charge. His counsel also informed him that his maximum possible sentence was 30 to 60 years. ***Id.*** at 3, 7-8.

Appellant also acknowledged under oath that he was entering the plea on his own free will. He agreed that no one had forced him to enter the plea and that no one had threatened him to enter his plea. He agreed that he had sufficient time to discuss his case with counsel. Finally, he agreed that he was satisfied with his counsel's representation. *Id.* at 10-11.

Appellant failed to prove that he entered an unknowing or involuntary plea. Notably, he again admitted during the hearing on his motion to withdraw his plea that no one had forced him to plead guilty. Rather, he was no longer satisfied with the terms of his plea and his sentence and wanted to try his chances at trial. N.T. 11/1/22 at 4-6. His newfound dissatisfaction with his sentence, however, did not change the fact that he entered a knowing and voluntary plea. *See Commonwealth v. Moser*, 921 A.2d 526, 529 (Pa. Super. 2007) (defendant who pleads guilty does not have to be pleased with outcome of his decision). He also received a substantial benefit for his plea, since the Commonwealth withdrew the lead charge of first-degree murder and the potential for life imprisonment. *See Commonwealth v. Wilcox*, 458 A.2d 575, 579 (Pa. Super. 1983) (withdrawal of first-degree murder charge in exchange for guilty plea to second-degree murder was substantial benefit because it eliminated potential for death sentence).

Appellant's claim that counsel pressured him into taking the plea is contradicted by his colloquy during the guilty plea hearing, in which he stated that nobody threatened him into pleading guilty and that he was pleading guilty on his own free will. Appellant is bound by this testimony; he cannot

say he was lying during the colloquy. ***See Commonwealth v. Pier***, 182 A.3d 476, 480 (Pa. Super. 2018) (defendant cannot withdraw guilty plea by claiming that he lied under oath); ***see also Commonwealth v. Myers***, 642 A.2d 1103, 1107 (Pa. Super. 1994) ("The mere fact that a defendant was 'under pressure' at the time he entered a guilty plea will not invalidate the plea, absent proof that he was incompetent at the time the plea was entered").

Because Appellant failed to demonstrate manifest injustice, we conclude that the court properly denied his motion to withdraw his guilty plea.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/5/2025