J-S29024-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MONTELLE JOSEPH BROWN | : | |
| | : | |
| Appellant | : | No. 124 WDA 2025 |

Appeal from the PCRA Order Entered January 13, 2025
In the Court of Common Pleas of Crawford County
Criminal Division at No(s):  CP-20-CR-0000361-2021

BEFORE:  NICHOLS, J., SULLIVAN, J., and BENDER, P.J.E.

MEMORANDUM BY SULLIVAN, J.:                **FILED: NOVEMBER 13, 2025**

Montelle Joseph Brown ("Brown") appeals from the order dismissing, after a hearing, his first counseled petition filed pursuant to the Post Conviction Relief Act[1] (PCRA).  On appeal, Brown asserts he received ineffective assistance of plea counsel.  We affirm.

The transcript of Brown's negotiated guilty plea hearing discloses that, in December 2019, Brown illicitly entered a dormitory at Allegheny College, forced his way into a student's room at gunpoint, and raped and sodomized her.  He then ordered her to shower and told her he would kill her if she reported the rape. ***See*** N.T., 11/12/21, at 9-14.  In February 2021, the

---

[1] 42 Pa.C.S.A. §§ 9541–9546.

Commonwealth charged Brown with rape, burglary, and twenty other related offenses.

In November 2021, approximately three days before the start of trial, Brown entered a partially negotiated guilty plea to two counts of rape. In exchange for his plea, the Commonwealth agreed not to proceed on the remaining twenty charges. The parties also agreed Brown's minimum sentence would be between eleven-and-one-half and thirteen years in prison; they made no agreement regarding his maximum sentence. As part of the negotiation, the parties also agreed Brown would serve his sentence in this case **concurrently** to his sentence on an unrelated matter. Lastly, because the plea was entered into so close to the start of trial, Brown agreed to waive his right to seek to withdraw his guilty plea. **See id**. at 2-4.

In February 2022, following a combined sentencing and sexually violent predator ("SVP") hearing, the court found Brown to be a SVP and imposed a minimum sentence of thirteen years, which was within the negotiated range, to be served concurrently to Brown's unrelated sentence. The court imposed the statutory maximum of forty years in prison. Brown filed a post-sentence motion, which the trial court denied.

Brown filed a direct appeal. In October 2022, this Court affirmed the judgment of sentence. **See Commonwealth v. Brown**, 287 A.3d 863 (Pa. Super. 2022) (unpublished memorandum, at *1). Brown did not seek leave to appeal to the Pennsylvania Supreme Court.

- 2 -

In November 2023, Brown filed a timely *pro se* PCRA petition. The PCRA court appointed counsel who filed an amended PCRA petition. Two hearings on the petition took place in April and December 2024.

The central issue at the hearing was whether plea counsel disclosed to Brown that the Commonwealth had offered a negotiated plea with a sentence of thirteen to twenty-six years. **See** Amended PCRA Petition, 2/9/24, at 4-5. Brown contended counsel never told him about this offer, which he would have accepted, and this failure rendered his subsequent plea involuntary. **See id**. at 15-16l; **see also** N.T., 4/15/24, at 11-16, 19-20. Matthew Parson ("plea counsel") testified he disclosed this offer ("the September 17, 2021 plea offer") to Brown, who flatly rejected it. Plea counsel further testified he made a counteroffer at Brown's request which the Commonwealth rejected, and Brown then agreed to the partially-negotiated sentence the parties entered, which, of critical importance to Brown, allowed counsel to argue for a shorter **minimum** sentence. **See** N.T., 12/12/24, at 8-13.

The court subsequently denied relief because it found plea counsel's testimony credible and Brown's not credible. **See** Order, 1/10/25; PCRA Court Opinion, 3/17/25, at 4. Brown filed a timely notice of appeal. He and the PCRA court complied with Pa.R.A.P. 1925.

Brown raises the following issues on appeal:

> 1. Whether the [PCRA c]ourt erred in concluding there was no evidence of an agreed-upon high-end sentence of twenty-six [] years as part of the September 17, 2021 email?

2.      Whether the [PCRA c]ourt erred in concluding any error was harmless because the September 17, 2021 plea offer was "no longer available having terminated by [Brown's] counteroffer["]?

3.      Whether the [PCRA c]ourt erred in concluding [plea counsel] provided [Brown] with the plea offer of September 17, 2021?

4.      Whether the [PCRA c]ourt erred in finding [plea counsel's] testimony credible (and [Brown's] testimony not credible) where there was no evidence that the plea offer had ever been extended to [Brown] through correspondence, in-person meetings, or otherwise?

5.      Whether the [PCRA c]ourt erred in finding [plea counsel] provided effective assistance of counsel to [Brown] even though he did not provide [Brown] with discovery or meet with [Brown] in-person to review discovery?

6.      Whether the [PCRA c]ourt erred in finding [plea counsel's] failure to preserve testimony from the preliminary hearing was not ineffective assistance of counsel?

Brown's Brief at 3-4 (capitalization regularized).

Brown appeals from the denial of his PCRA petition. In reviewing the PCRA court's denial of relief, we are limited to "examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." *Commonwealth v. Flor*, 259 A.3d 891, 902 (Pa. 2021). "We view the evidence of record in a light most favorable to the Commonwealth, as the prevailing party below. *We are bound by the PCRA court's credibility determinations, unless those determinations are not supported by the record*; however, we review the

PCRA court's legal conclusions *de novo*." *Id*. (internal citations omitted, emphasis added).

"A criminal defendant has the right to effective counsel during a plea process as well as during trial." *Commonwealth v. Rathfon*, 899 A.2d 365, 369 (Pa. Super. 2006) (citation omitted). To prevail on a claim of ineffective assistance of counsel, a petitioner must prove that "(1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error[.]" *Commonwealth v. Johnson,* 236 A.3d 63, 68 (Pa. Super. 2020) (*en banc*). A claim that a counseled plea should be vacated on grounds of ineffective assistance will only be granted if counsel caused the defendant to enter an involuntary or unknowing plea. *See Commonwealth v. Hickman*, 799 A.2d 136, 141 (Pa. Super. 2002). "[T]he voluntariness of the plea depends upon whether counsel's advice was 'within the range of competence demanded of attorneys in criminal cases.'" *Id*. (citation omitted). Where a defendant has pleaded guilty, to prove ineffective assistance he must show "there is a reasonable probability that, but for counsel's errors, he would not have pleaded [] and would have insisted on going to trial." *See Rathfon*, 899 A.2d at 370 (citation omitted).

We presume that "a defendant who enter[ed] a [] plea was aware of what he was doing. He bears the burden of proving otherwise." *Commonwealth v. Yeomans*, 24 A.3d 1044, 1047 (Pa. Super. 2011).

Where the record shows the trial court conducted a thorough plea colloquy and the defendant understood his rights and the nature of the charges against him the plea is voluntary. *See Commonwealth v. McCauley*, 797 A.2d 920, 922 (Pa. Super. 2001). When evaluating whether a defendant made a knowledgeable, voluntary plea, we look at the totality of the circumstances surrounding the plea. *See id*. At a minimum, the trial court must inquire in the following six areas:

> (1) Does the defendant understand the nature of the charges to which he or she is pleading guilty?
>
> (2) Is there a factual basis for the plea?
>
> (3) Does the defendant understand that he or she has a right to trial by jury?
>
> (4) Does the defendant understand that he or she is presumed innocent until he is found guilty?
>
> (5) Is the defendant aware of the permissible ranges of sentences and/or fines for the offenses charged?
>
> (6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

*Yeomans*, 24 a.3d at 1047, quoting Pa.R.Crim.P. 590, Comment. Whether an appellant is pleased with the outcome of his plea is immaterial to our analysis; all that is required is that the plea was "knowingly, voluntarily and intelligently made." *Commonwealth v. Yager*, 685 A.2d 1000, 1004 (Pa. Super. 1996) (*en banc*). *Accord Commonwealth v. Bedell*, 954 A.2d 1209, 1212 (Pa. Super. 2008).

Brown's first three issues are interrelated, as all three concern plea counsel's alleged failure to communicate the Commonwealth's September 17, 2021, plea offer to him. *See* Brown's Brief at 13-18. Brown maintains the PCRA court erred in finding that the parties had not agreed on the maximum term of the sentence. *See id*. at 14. Brown asserts counsel never made him aware of the initial offer. *See id*. at 15-18.

The PCRA court disagreed. It found plea counsel "credibly testified that he notified Brown by telephone" of the Commonwealth's offer. PCRA Court Memorandum and Order, 12/19/24, at 5. The PCRA court noted after the initial offer, there were a series of emails with counter offers. *See id*. The PCRA court concluded Brown's testimony he had not received the September 17, 2021, offer likely resulted from his realization he had rejected a favorable plea offer. *See id*.

Our review of the record supports the PCRA court's findings, and we concluded Brown entered a knowing, intelligent, and voluntary guilty plea. At the plea hearing, the court conducted a full oral colloquy, in which Brown acknowledged that he understood the requisite elements that establish a knowing, intentional, and voluntary plea. *See* N.T., 11/12/21, at 2-15.[2] The court explained the nature of the charges and the maximum sentences of each

---

[2] The court accepted Brown's written plea colloquy as a supplement to the oral plea colloquy. *See Commonwealth v. Sauter*, 567 A.2d 707, 708-09 (Pa. Super. 1989) (written plea colloquy supplemented by an oral colloquy suggests "most strongly" that defendant's plea was knowing and intelligent).

charge to Brown. *See id*. at 6-7. Brown understood that he was giving up his right to a jury trial by entering the plea. *See* Written Plea Colloquy, 11/18/21, at 2-3 (unnumbered). Brown agreed to the factual basis for the plea. *See*, N.T., 11/12/21, at 9-15.

The record clearly demonstrates Brown knew he could receive a maximum sentence of up to forty years in prison. *See* Written Plea Colloquy, 11/18/21, at 5 (unnumbered); N.T., 11/12/21, at 6. The Commonwealth stated the terms of the plea on the record at the start of the colloquy. *See* N.T., 11/12/21, at 2-3. Brown never objected to those terms or claimed that there was a negotiated plea as to the maximum sentence he could receive. *See id*.

Brown also acknowledged under oath that he was entering the plea of his own free will. *See id*. at 8. He agreed that no one had forced him to enter the plea and that no one had threatened him to enter his plea. *See id*. He acknowledged he had sufficient time to discuss his case with counsel. *See id*. Finally, he agreed that he was satisfied with his counsel's representation. *See id*.

Brown failed to prove that he entered an unknowing or involuntary plea. Notably, at the PCRA hearing, he contradicted his testimony at the plea colloquy and claimed he was forced to plead guilty because counsel was unprepared to go to trial. *See* N.T., 4/15/24, at 14. Moreover, at the hearing, Brown indicated that he wanted the court to resentence him to thirteen to

twenty-six years of imprisonment and only wanted to go to trial if the court would not change his sentence. *See id*. at 25. However, the fact that Brown is dissatisfied with his sentence does not mean he received ineffective assistance of plea counsel and does not change the fact that he entered a knowing and voluntary plea. *See Commonwealth v. Moser*, 921 A.2d 526, 529 (Pa. Super. 2007) (stating a defendant who pleads guilty does not have to be pleased with outcome of his decision for his plea to have been entered knowingly, voluntarily and intelligently). Brown received a substantial benefit for his plea — the Commonwealth withdrew twenty charges and agreed to allow him to serve his sentence concurrently to his sentence in an unrelated matter. Brown's first three claims do not merit relief.

In his fourth issue, Brown contends the trial court erred in finding plea counsel credible and him not credible even though Brown claimed he had lied at his plea colloquy. *See* Brown's Brief at 19-22; N.T., 4/14/25, at 29. However, as our Supreme Court recently stated:

> when reviewing a credibility determination by the PCRA court, this Court is bound by the [PCRA] court's credibility determinations, unless those determinations are not supported by the record. The credibility determinations are to be provided great deference, and indeed, they are one of the primary reasons PCRA hearings are held in the first place. Moreover, we must conduct our review in the light most favorable to the prevailing party, in this instance, the Commonwealth. Given that the PCRA court, as fact-finder, has the opportunity to listen to witnesses, to observe their demeanor and attitude, we have stated that there is no justification for an appellate court, relying solely upon a cold record, to review the fact-finder's first-hand credibility determinations.

*Commonwealth v. Rizor*, 304 A.3d 1034, 1058 (Pa. 2023) (internal citations, quotation marks, and brackets omitted). We have no basis to overturn the PCRA court's credibility findings which are amply supported by the record and the relevant law. *See Commonwealth v. Kapellusch*, 323 A.3d 837, 850 (Pa. Super. 2024) (relying on *Rizor* and concluding there was no basis to overturn the PCRA court's credibility determinations, which the record supported); *see also Commonwealth v. McNeil*, 487 A.2d 802, 807-08 (Pa. 1985) (stating that "[h]aving freely and deliberately chosen to offer testimony which he now asserts was false, [defendant] stands before this Court and attempts to reap a windfall new trial on account of his own perjury. The criminal justice system cannot and will not tolerate such an obvious and flagrant affront to the integrity of the truth determining process thinly disguised under the rubric of 'ineffective assistance.'"); *Commonwealth v. Felix*, 303 A.3d 816, 821 (Pa. Super. 2023) (holding a defendant cannot obtain PCRA relief by claiming he lied under oath in prior court proceedings). Brown's fourth claim does not merit relief.

In his final two claims, Brown asserts plea counsel was ineffective for meeting with him over the phone rather than in person, failing to provide him

with copies of all of the discovery, and failing to ensure the preliminary hearing was transcribed.[3]  *See* Brown's Brief at 22-26.

Brown's contention regarding the failure to transcribe the preliminary hearing is not properly before us.  Once a defendant has pled guilty or gone to trial and been found guilty, he cannot establish prejudice based on alleged errors that occurred at a preliminary hearing.  *See Commonwealth v. Sanchez*, 82 A.3d 943, 984 (Pa. 2013).  Brown's claims regarding counsel's pre-plea communications failures are equally unavailing as they directly contradict his statements both in the written and oral plea colloquies that he had sufficiently consulted with counsel and was satisfied with counsel's representation.  *See* Written Plea Colloquy, 11/18/21, at 6-7; N.T., 11/12/21, at 8.  "A defendant is bound by the statements which he makes during his plea colloquy and cannot assert challenges to his plea that contradict his statements when he entered the plea."  *Commonwealth v. Jamison*, 284 A.3d 501, 506 (Pa. Super. 2022) (citations omitted).  Thus, Brown's last two issues do not merit relief.

Accordingly, for the reasons discussed above, we affirm the denial of Brown's PCRA petition.

Order affirmed.

_____

[3] There was some indication at the PCRA hearing that the preliminary hearing was, in fact, recorded on video.  *See* N.T., 4/15/24, at  7-8.  Brown never articulated why he believed transcription was necessary or how he was prejudiced by its failure.  *See id*. at 5-8.

- 11 -

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: <u>11/13/2025</u>