J-S23043-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MIQUEL ZIEGLER | : | |
| | : | |
| Appellant | : | No. 519 EDA 2020 |

Appeal from the PCRA Order Entered December 30, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0007786-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MIQUEL ZIEGLER | : | |
| | : | |
| Appellant | : | No. 2589 EDA 2021 |

Appeal from the PCRA Order Entered November 18, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0007786-2017

BEFORE:   LAZARUS, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                          **FILED MARCH 16, 2022**

In this consolidated matter, Miquel Ziegler (Appellant), appeals *pro se*

from the order the of the Court of Common Pleas of Philadelphia County that

dismissed his first petition filed under the Post Conviction Relief Act (PCRA).[1]

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

He raises multiple ineffective assistance of counsel claims, alleging that his prior counsel had unlawfully induced him to enter a guilty plea and failed to file a requested direct appeal. Upon review, we affirm.

On May 25, 2018, Appellant entered a negotiated guilty plea to third-degree murder, attempted murder, and possessing an instrument of crime.[2] In exchange for the plea, the Commonwealth recommended an aggregate sentence of 42 1/2 to 85 years' incarceration and agreed to *nolle prosse* additional charges.[3]

The following summary of the facts was presented at Appellant's plea hearing:

> If called to testify Timaya Hedgepeth would testify that on July 17th of 2017, at approximately 4 p.m., in the area of 2713 Daly Terrace in the city and county of Philadelphia she was at her home when [Appellant] came over saying he wanted to talk.
>
> She had broken up with him the day previously. [Appellant] got angry, grabbed her and slammed her against the wall. He hit her two times, threw her onto the bed and strangled her. She was eventually able to break free and call the police.[4]

---

[2] 18 Pa.C.S. §§ 2502(c), 901(a), and 907(a), respectively.

[3] Appellant also pleaded guilty to strangulation of his attempted murder victim at docket number CP-51-CR-0007785-2017. He received a concurrent prison term. That offense was committed two days prior to the commission of the offenses addressed in the instant case. Appellant's notice of appeal challenged only the denial of post-conviction relief at CP-51-CR-0007786-2017. **See Commonwealth v. Hardy**, 99 A.3d 577, 579 (Pa. Super. 2014) (holding that this Court is without jurisdiction to grant relief with respect to a judgment entered on a bill number not listed in the notice of appeal).

[4] Appellant's actions on that date formed the basis for his strangulation conviction at CP-51-CR-0007785-2017.

[Appellant] was then arrested and charged and posted bail on July 19th. Approximately 12 hours later[, Appellant] went back to that location at 1:55 a.m. on July 20, 2017 and broke into the house. He began stabbing Timaya multiple times, saying, "Die, bitch."

She suffered multiple stab wounds as well as a slash across her throat and she los[t] a tooth.

[Appellant] then stabbed her mother, Tracy Hedgepeth, thirteen times.

Officers responded to the scene as [Appellant] fled and rushed both women to the hospital. Police officers asked Tracy Hedgepeth who it was that stabbed her, and she said my daughter's ex[-]boyfriend. One of the officers said, "Miguel?" And she said yes.

Two knives were recovered at the scene[.]

…

Doctor Lindsay Simon conducted an autopsy where she found stab wounds to [Tracy Hedgepeth's] torso as well as 12 additional stab wounds to the head, neck, torso and extremities. She said the cause of death was the stab wound to the torso, and the manner of death is homicide.

N.T. 5/25/18, 36-37.

That same day, the court sentenced Appellant to the agreed-upon sentence. Appellant did not file a post-sentence motion or notice of appeal.

On April 1, 2019, Appellant timely filed a *pro se* PCRA petition. The PCRA court appointed counsel for Appellant. On December 3, 2019, PCRA counsel filed an application to withdraw and a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On December 6, 2019, the PCRA court entered an order notifying Appellant pursuant to Pa.R.Crim.P. 907 that the court intended to grant PCRA counsel's request to withdraw and

dismiss Appellant's petition without a hearing. Appellant filed a timely *pro se* response to the Rule 907 notice. On December 30, 2019, the PCRA court formally dismissed his petition and granted his counsel's withdrawal request.[5] This appeal followed.[6]

Appellant's notice of appeal was docketed on January 31, 2020, two days beyond the thirty-day deadline for filing an appeal. Pa.R.A.P. 903(a) (general rule for 30-day time limitation for filing an appeal). Accordingly, this Court issued a rule to show cause directing Appellant to show cause why this appeal should not be quashed as untimely filed.

_____

[5] It appears that, rather than issuing a separate order granting counsel's request to withdraw, the PCRA court signed a separate docket entry indicating that counsel's motion to withdraw had been granted. **See** Order, 12/30/19, at 1. While this procedure is unusual, no party has objected to the entry of this order and, in the interest of judicial economy, we will determine that counsel was properly permitted to withdraw. **See**, **e.g.**, **Commonwealth v. Cooper**, 2020 WL 5758706, *3 n.8 (Pa. Super., filed Sep. 28, 2020) (unpublished memorandum) (affirming dismissal of PCRA petition although copy of the order granting counsel's petition to withdraw was not part of the certified record, where Appellant was aware that the court had granted counsel's petition); **see also** Pa.R.A.P. 126(b)(1)-(2) (non-precedential decisions of this Court filed after May 1, 2019 may be cited for persuasive value).

[6] We note with disapproval that the Commonwealth's brief for Appellee was filed late, despite having been granted two extensions of time. Order, 4/6/21, at 1; Order, 6/22/21, at 1. The Court's second extension order permitted a deadline of June 30, 2021, and stated that no further extensions would be granted. Order, 6/22/21, at 1. The Commonwealth did not file its appellate brief until July 23, 2021. We, therefore, decline consideration of arguments advanced in the Commonwealth's untimely brief. **Commonwealth v. Brown**, 161 A.3d 960, 964 n.2 (Pa. Super. 2017).

On October 13, 2020, this Court remanded the matter to the PCRA court because, although the dismissal of the petition was indicated on the docket, the dismissal order was not contained in the certified record on appeal. **See Commonwealth v. Ziegler,** 266 A.3d 633 (Pa. Super. 2021) (unpublished memorandum). Pa.R.A.P. 301(a)(1) and 301(b) require that, for an order to be appealable, it must be entered on the appropriate docket and set forth in the certified record on a separate document. **Id.** at *2. As a result, Appellant had not been properly advised of his rights as required by Pa.R.Crim.P. 907(a)(4) and Pa.R.Crim.P. 114, because he had not been served with a copy of the order advising him of his appellate rights and the time limits within which the appeal must be filed. **Id.**

On November 18, 2021, the PCRA court returned the record with an appropriate final dismissal order indicating that the Honorable Sandy L.V. Byrd, who had presided at Appellant's combined guilty plea and sentencing hearing, and had previously dismissed his PCRA petition, was no longer sitting as a judge for the Philadelphia Court of Common Pleas and thus no opinion from the PCRA court would be forthcoming.[7] On October 14, 2020, this Court discharged the rule to show cause; Appellant filed a response two days after the discharge.

Appellant raises the following issues on appeal:

---

[7] Judge Byrd did not issue an order pursuant to Pa.R.A.P. 1925(b) prior to his retirement.

- 5 -

I.    Did counsel err by not upholding the 6th Amendment?

II.   Did counsel err in telling his client he had no defense?

III.  Did counsel err in not filing [an] appeal of sentence when asked to do so by defendant?

IV.   Did counsel err in not challenging identification by [a] key witness?

V.    Did counsel err in not getting forensic results?

Appellant's Brief at 4 (some formatting altered).

All of Appellant's claims on appeal concern the effectiveness of his plea counsel.

When reviewing the denial of a PCRA petition, "[o]ur standard of review . . . is limited to examining whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Whitehawk*, 146 A.3d 266, 269 (Pa. Super. 2016). We must view the findings of the PCRA court and the evidence of record in a light most favorable to the prevailing party. *Commonwealth v. Johnson*, 236 A.3d 63, 68 (Pa. Super. 2020) (*en banc*). The PCRA court's credibility determinations, if supported by the record, are binding on this Court. *Johnson*, 236 A.3d at 68.

Initially, we must determine whether Appellant has preserved his issues on appeal. While Appellant is proceeding *pro se*, under Pennsylvania law, *pro se* defendants are subject to the same rules of procedure as are represented defendants. *See Commonwealth v. Williams*, 896 A.2d 523, 534 (Pa.

- 6 -

2006) (*pro se* defendants are held to same standards as licensed attorneys). "Although the courts may liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon a litigant, and a court cannot be expected to become a litigant's counsel or find more in a written pro se submission than is fairly conveyed in the pleading." ***Commonwealth v. Blakeney***, 108 A.3d 739, 766 (Pa. 2014). "While this Court may overlook minor defects or omissions in an appellant's brief, we will not act as his or her appellate counsel." ***Commonwealth v. Freeman***, 128 A.3d 1231, 1249 (Pa. Super. 2015).

Instantly, Appellant's *pro se* brief falls well below the standards delineated in our Rules of Appellate Procedure. Specifically, Appellant's brief contains a litany of boilerplate allegations which he fails to develop with analysis and appropriate citation to legal authority from this jurisdiction. ***See*** Pa.R.A.P. 2119(a) ("argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part — in distinctive type or in type distinctively displayed — the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent"); ***Kelly v. The Carman Corporation***, 229 A.3d 634, 656 (Pa. Super. 2020) (citing Pa.R.A.P. 2119(a) (argument shall include citation of authorities)); ***see also***, ***e.g.***, ***Commonwealth v. Spotz***, 18 A.3d 244, 281 n.21 (Pa. 2011) (without a "developed, reasoned, supported, or even intelligible argument[, t]he matter is waived for lack of development"); ***In re Estate of Whitley***, 50 A.3d 203, 209 (Pa. Super. 2012) ("The argument

portion of an appellate brief must include a pertinent discussion of the particular point raised along with discussion and citation of pertinent authorities[; t]his Court will not consider the merits of an argument which fails to cite relevant case or statutory authority" (internal citations and quotation marks omitted)); *Lackner v. Glosser*, 892 A.2d 21, 29-30 (Pa. Super. 2006) (explaining appellant's arguments must adhere to rules of appellate procedure, and arguments which are not appropriately developed are waived on appeal; arguments not appropriately developed include those where party has failed to cite any authority in support of contention).

In *Freeman*, *id.*, this Court concluded that, where the appellant had "made no effort whatsoever to discuss the applicable law or to link the facts of his case to that law[,]" his claim was waived. Analogously, in the current action, Appellant has made no effort to discuss the applicable law or to link the facts of his case to that law; accordingly, this failure to develop a coherent legal argument in support of any of his claims results in the waiver of all of those issues. *Id.* However, even assuming that we did not find waiver, Appellant's claims would not merit relief.

As to a claim asserting ineffective assistance of counsel, we are guided by a well-settled set of precepts:

> We presume counsel's effectiveness, and an appellant bears the burden of proving otherwise. To establish ineffectiveness of counsel, a PCRA petitioner must plead and prove: his underlying legal claim has arguable merit; counsel's actions lacked any reasonable basis; and counsel's actions prejudiced him. Failure to satisfy any prong of the ineffectiveness test requires dismissal of the claim. Arguable merit exists when the factual statements

are accurate and could establish cause for relief. Whether the facts rise to the level of arguable merit is a legal determination.

*Commonwealth v. Urwin*, 219 A.3d 167, 172 (Pa. Super. 2019) (internal citations and quotation marks omitted). As to what constitutes "reasonable basis," "[t]he test for deciding whether counsel had a reasonable basis for his action or inaction is whether no competent counsel would have chosen that action or inaction, or, the alternative, not chosen, offered a significantly greater potential chance of success." *Commonwealth v. Stewart*, 84 A.3d 701, 707 (Pa. Super. 2013) (citation omitted). As such, "[c]ounsel's decisions will be considered reasonable if they effectuated his client's interest." *Id.* (citation omitted).

A criminal defendant has the right to effective assistance of counsel in deciding whether to plead guilty. *Commonwealth v. Valazquez*, 216 A.3d 1146, 1149 (Pa. Super. 2019). Ineffective assistance of counsel in connection with a guilty plea will serve as a basis for PCRA relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. *Velazquez*, 216 A.3d at 1149. "Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Velazquez*, 216 A.3d at 1149-50 (citation omitted). Finally, this Court has held that a defendant "is bound by the statements he makes in open court while under oath and he may not later . . . contradict the statements he made . . ." *Commonwealth v. Hopkins* 228 A.3d 577, 583 (Pa. Super. 2020).

In his first issue, Appellant presents a number of reasons he alleges that plea counsel provided deficient representation at his plea hearing. These reasons include that counsel: did not meet Appellant in-person prior to the plea hearing; failed to develop a defense; urged Appellant to consider the Commonwealth's plea offer; and promised Appellant that he would be "released in 25 years for good behavior." Appellant's Brief at 8.[8]

Appellant's assertion that plea counsel was ineffective for not meeting him in-person prior to the plea hearing was never included in either Appellant's *pro se* PCRA petition or his *pro se* response to the PCRA court's dismissal notice pursuant to Pa.R.Crim.P. 907. Accordingly, that part of his argument is waived. **See Commonwealth v. Ousley**, 21 A.3d 1238, 1242 (Pa. Super. 2011) ("issues not raised in a PCRA petition cannot be considered on appeal") (quotation and citations omitted); Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").[9]

Appellant next implies that counsel was ineffective for failing to communicate a plea offer to him, contending that counsel "urged him to consider the [Commonwealth's] plea offers which is plural but the defendant only knew of one." Appellant's Brief at 8. Appellant attached correspondence

---

[8] Appellant also claims that counsel unlawfully induced him to plead guilty to strangulation. Appellant's Brief for Appellant at 9. However, as noted above, Appellant did not appeal from docket number CP-51-CR-0007785-2017, and cannot now challenge that conviction. **See Hardy**, 99 A.3d at 579.

[9] Appellant asserts in passing that plea counsel was ineffective for failing to develop a defense; however, as he repeats this claim at greater length in his second issue, we will defer our analysis.

from counsel to his PCRA petition. **See** PCRA Petition, 4/1/19, Counsel Correspondence dated 2/9/18. Without expounding on this statement further, Appellant has failed to proffer any evidence that additional plea offers were not communicated to him or that counsel should have not advised him to accept the plea.

Regardless, Appellant has failed to show how he was prejudiced by counsel. **Urwin**, 219 A.3d 167, 172. The plea was for a sentence lower than the original offer from the Commonwealth, and by pleading guilty, Appellant avoided a potential conviction for first-degree murder, which could have carried a life sentence. Moreover, the plea agreement resulted in the *nolle prosequi* of additional charges. Where the two victims in this case were both familiar with Appellant, and the homicide victim specifically identified Appellant as the assailant, the Court cannot conclude based on Appellant's baldly-stated claim that counsel was ineffective for advising him to accept his plea offer.

Similarly, we reject Appellant's argument that counsel improperly induced his plea by promising him that "he would be released in 25 years for good behavior." Appellant's Brief at 8. This bald allegation is unsupported by any evidence or affidavit. Further, at his plea hearing and colloquy, Appellant acknowledged that he understood the terms of his plea agreement, which included an aggregate minimum prison term of 42 1/2 years, and agreed that no one had promised him anything to make him enter the plea. N.T. Plea Colloquy, 5/25/18, at 11, 24, 27. As noted, *supra*, a defendant is "bound by

the statements he makes in open court while under oath," **Hopkins** 228 A.3d at 583. Appellant cannot now claim that his plea was unlawfully induced. We decline to find error in the PCRA court's dismissal of this claim. **Whitehawk**, 146 A.3d at 269.

In his second issue, Appellant claims that plea counsel provided ineffective assistance by telling him that "he did not have a defense." Appellant's Brief at 9-10. Appellant suggests that counsel had "disregard [*sic*] towards [Appellant's] case and unfamiliarity with [it]." **Id.** at 10. As noted above, Appellant's argument is woefully underdeveloped and does not address any of the three prongs required to show counsel's ineffectiveness, but merely makes an unfounded, boilerplate allegation that counsel was not prepared. **See, e.g., Commonwealth v. Marinelli**, 910 A.2d 672, 679 (Pa. 2006) ("boilerplate allegations do not suffice as the kind of meaningful application of the ineffective standard that is required for effective substantive review of such claims").

Regardless, nothing about counsel's alleged statement rises to the level of ineffectiveness. Appellant suggested in his response to the PCRA court's dismissal notice pursuant to Pa.R.Crim.P. 907 that plea counsel should have pursued a heat of passion defense. **See** Response to Rule 907 Notice, 12/24/19, 4-5. However, nothing in the record would have supported such a defense. A heat of passion defense would have required the demonstration of a "sufficient provocation to create uncontrollable passion in a reasonable person," that that "provocation lead directly to the slaying of the person

- 12 -

reasonable for the provocation," and that Appellant had insufficient time to cool off from the provocation. **Commonwealth v. Martin**, 5 A.3d 177, 186 (Pa. 2010).

Appellant does not and cannot suggest any provocation on the part of the victims where the record reflects that Appellant broke into the victims' home before repeatedly stabbing them. Because Appellant's suggested defense lacks arguable merit, his claim fails. **See Commonwealth v. Mason**, 130 A.3d 601, 630 (Pa. 2015) (holding evidence of previous issues between Appellant and victim insufficient to support heat of passion defense; Appellant must show "provocation on the part of the victim immediately prior to the attack").

In his third issue, Appellant argues that plea counsel provided *per se* ineffective assistance by failing to file a requested direct appeal. Appellant's Brief at 10-11. He asserts that, at the conclusion of his plea hearing, he asked counsel to withdraw his plea and file an appeal from his judgment of sentence, and that counsel failed to comply with this request. **Id.** However, Appellant did not preserve the claim regarding a direct appeal in his PCRA petition or his response to the PCRA court's dismissal notice. As a result, he waived this claim. **See Commonwealth v. Santiago**, 855 A.2d 682, 691 (Pa. 2004) (holding that a claim not raised in a PCRA petition cannot be raised for the first time on appeal); Pa.R.A.P. 302(a).

To the extent that Appellant contends that counsel did not file a motion to withdraw his plea, he did preserve this claim in his response to the

Pa.R.Crim.P. 907 notice. *See* Response to Rule 907 Notice, 12/24/19, 5. However, Appellant has failed to establish that counsel was ineffective because he failed to make a proffer below to establish that he had requested counsel to file a plea withdrawal motion: he neither offered a certification for any proposed testimony from plea counsel, nor produced any documents to support the existence of a plea withdrawal motion request. 42 Pa.C.S. § 9545(d)(1)(i)-(iii) (PCRA petition requesting an evidentiary hearing should include signed certification from each intended witness or a certification from the petitioner stating, *inter alia*, the efforts to obtain the witness's signature); Pa.R.Crim.P. 902(A)(12)(b) (PCRA petition shall contain facts supporting each ground for relief, and where the facts do not appear in the record, the petition shall include "an identification of any affidavits, documents, and other evidence showing such facts"). By failing to make a proffer supporting the existence of an ignored request for a post-sentence plea withdrawal motion, Appellant failed to meet his threshold burden on his claim. *See* *Commonwealth v. Gonzalez*, 840 A.2d 326, 331 n.7 (Pa. Super. 2003) (*en banc*) ("as a general rule, counsel will not be deemed ineffective for failing to file a post-trial/sentence motion absent a request by the defendant to do so.").

Additionally, Appellant failed to plead and prove prejudice below such that, had counsel filed a plea withdrawal motion, there was a reasonable probability that the court would have granted it. The transcript from the combined guilty plea and sentencing hearing provide no support that a request for the filing of a plea withdrawal was made in between the entry of Appellant's

plea and the imposition of his negotiated sentence. Accordingly, any proposed withdrawal motion, for purposes of his ineffectiveness claim, would need to be assessed under the post-sentence standard for withdrawal requests.

When a defendant seeks to withdraw a plea after sentencing, he "must demonstrate prejudice on the order of manifest injustice." **Commonwealth v. Yeomans**, 24 A.3d 1044, 1046 (Pa. Super. 2011). "Manifest injustice occurs when the plea is not tendered knowingly, intelligently, voluntarily, and understandingly." **Commonwealth v. Kpou**, 153 A.3d 1020, 1023 (Pa. Super. 2016) (citations omitted). In determining whether a plea is valid, the court must examine the totality of the circumstances surrounding the plea. **Id.** Where a written plea colloquy is supplemented by an oral colloquy, the proceedings strongly suggest that a defendant's plea was knowing and intelligent. **See, e.g., Commonwealth v. Sauter**, 567 A.2d 707, 708-09 (Pa. Super. 1989).

Here, the record does not reflect that any manifest injustice would have warranted the withdrawal of Appellant's plea. Indeed, he executed a written guilty plea colloquy, and the written colloquy and the lower court's detailed oral colloquy together addressed all of the essential elements for a valid plea. **See Commonwealth v. Muhammad**, 794 A.2d 378, 383 (Pa. Super. 2001); **see also** Comment to **Pa.R.Crim.P. 590**. Appellant was informed in the oral colloquy of the nature of the charges to which he was pleading guilty; the terms of the plea agreement; the factual basis for the charges; his right to a trial by jury; the fact that he was presumed innocent; the possible maximum

sentences for the charges; and the court's power to depart from the recommended negotiated sentence. N.T. Plea Hearing, 5/25/18, at 11-21, 23-25, 28-35, 39-41. Appellant affirmed that he had an opportunity to review the written guilty plea colloquy with his attorney. *Id.* at 42. Appellant's assertions in the guilty plea colloquies would have belied any attempt to withdraw his guilty plea. *See, e.g.*, *Sauter*, 567 A.2d at 708-09. Appellant cannot demonstrate that the failure to file a plea withdrawal motion resulted in prejudice. *Urwin*, 219 A.3d 167, 172.

In his fourth issue, Appellant argues that plea counsel "err[ed] in not challenging identification by [a] key witness" based on his cross-examination of Timaya Hedgepeth's identification at his preliminary hearing. Appellant's Brief at 12-13. Appellant claims that Ms. Hedgepeth contradicted her identification and claimed that she was not certain of who harmed her. *Id.* It is unclear from Appellant's argument how he believes counsel was ineffective. As noted, *supra*, we will not act as appellate counsel; because we cannot decipher Appellant's argument, this claim is waived. *Freeman*, 128 A.3d at 1249.

In his final issue, Appellant argues that plea counsel provided ineffective assistance by failing to pursue "forensic results." Appellant's Brief at 13-14. Again, Appellant failed to preserve this claim because, in both his PCRA petition and his response to the court's Pa.R.Crim.P. 907 notice, he did not articulate a claim that plea counsel was ineffective for failing to pursue DNA testing or fingerprint evidence. *See* Pa.R.A.P. 302(a).

Accordingly, we conclude that the PCRA court's determination that plea counsel was effective in his representation is supported by the record and free of legal error. **Whitehawk**, 146 A.3d at 269. We therefore affirm the denial of PCRA relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/16/2022