J-S23036-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DEMETRES TOMS | : | |
| | : | |
| Appellant | : | No. 1764 EDA 2023 |

Appeal from the Judgment of Sentence Entered June 17, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000357-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DEMETRES TOMS | : | |
| | : | |
| Appellant | : | No. 1765 EDA 2023 |

Appeal from the Judgment of Sentence Entered June 17, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0008711-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DEMETRES TOMS | : | |
| | : | |
| Appellant | : | No. 1766 EDA 2023 |

Appeal from the Judgment of Sentence Entered June 17, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0008713-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |

|  |  |  |
|---|---|---|
| v. | : |  |
|  | : |  |
|  | : |  |
|  | : |  |
| DEMETRES TOMS | : |  |
|  | : |  |
| Appellant | : | No. 1767 EDA 2023 |

Appeal from the Judgment of Sentence Entered June 17, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0008715-2019

|  |  |  |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|  | : | PENNSYLVANIA |
|  | : |  |
| v. | : |  |
|  | : |  |
|  | : |  |
|  | : |  |
| DEMETRES TOMS | : |  |
|  | : |  |
| Appellant | : | No. 1768 EDA 2023 |

Appeal from the Judgment of Sentence Entered June 17, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0008714-2019

BEFORE:   STABILE, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                **FILED NOVEMBER 25, 2024**

Appellant, Demetres Toms, appeals from the judgments of sentence imposed by the Philadelphia County Court of Common Pleas after he entered guilty pleas at CP-51-CR-0008711-2019, CP-51-CR-0008713-2019, CP-51-CR-0008714-2019, and CP-51-CR-0008715-2019, and the plea court resentenced him for probation violations at CP-51-CR-0000357-2019.  In this direct appeal *nunc pro tunc*, he challenges the voluntariness of his guilty pleas

_____

[*] Retired Senior Judge assigned to the Superior Court.

- 2 -

and the discretionary aspects of his combined plea and probation revocation sentences. Upon careful review, we affirm Appellant's guilty pleas but vacate all the judgments of sentence and remand for resentencing with instructions to remedy an improper anticipatory revocation of probation.

On November 29, 2018, Appellant possessed a firearm at or near 5000 W. Hazel Avenue in Philadelphia despite him being ineligible to do so because of a prior adjudication. Criminal Complaint, CP-51-CR-0000357-2019, 11/30/18, 1. On February 21, 2019, Appellant entered a guilty plea to possession of a firearm by a prohibited person at CP-51-CR-000357-2019, and in exchange for the plea the Commonwealth *nolle prossed* additional firearms charges. Trial Disposition and Dismissal Form, CP-51-CR-0000357-2019, 2/21/19, 1; Written Guilty Plea Colloquy, CP-51-CR-0000357-2019, 2/21/19, 1-3. On June 24, 2019, the plea court sentenced Appellant to eleven and one-half to twenty-three months' imprisonment, with immediate parole, to be followed by five years' probation. Sentencing Order, CP-51-CR-0000357-2019, 6/24/19, 1.

At a hearing on January 23, 2020, Appellant agreed to the following facts, supporting the entry of guilty pleas in four new cases:

> [O]n July 30, 2019, [Appellant] and [a] co-defendant went to Vince's Pizza at 6452 Lansdowne Avenue [and,] at point of gun[,] they took money from the complainants inside the store.[1]

_____

[1] CP-51-CR-0008713-2019.

On August 7, 2019, at [7:40 p.m., Appellant] and [a] co-defendant went to 7-11 at 6375 Lebanon Avenue[, and, at] point of black revolver[,] they took money from the store.[2]

On August 10, 2019, at approximately 12:00 a.m.[, Appellant] and [a] co-defendant went to the pizza store again at 6452 Lansdowne Avenue [and, at] point of gun[,] they took money from the complainants at the store.[3]

[On] August 15, 2019, [Appellant] was the front passenger in a car with [his] co-defendant. They were seen fleeing from police. [Appellant] was seen throwing a firearm out of the front passenger seat window. The gun was recovered.[4] [Appellant] was arrested eventually.

[Appellant] has a prior conviction which makes him ineligible to carry a firearm for [18 Pa.C.S. §] 6105 F1 purposes. The defendants were caught on surveillance video.

N.T. 1/23/20, 22-23. Appellant pleaded guilty to: (1) possession of a firearm by a prohibited person and conspiracy to commit possession of a firearm by a prohibited person at CP-51-CR-0008711-2019;[5] (2) robbery, conspiracy to commit robbery, and possession of a firearm by a prohibited person at CP-51-CR-0008713-2019;[6] (3) robbery, conspiracy to commit robbery, and possession of a firearm by a prohibited person at CP-51-CR-0008714-2019;[7]

_____

[2] CP-51-CR-0008714-2019.

[3] CP-51-CR-0008715-2019.

[4] CP-51-CR-0008711-2019.

[5] 18 Pa.C.S. §§ 6105(a)(1) and 903(c)/6105(a)(1).

[6] 18 Pa.C.S. §§ 3107(a)(1)(ii), 903(c)/3107(a)(1)(ii), and 6105(a)(1).

[7] 18 Pa.C.S. §§ 3107(a)(1)(ii), 903(c)/3107(a)(1)(ii), and 6105(a)(1).

and (4) robbery, conspiracy to commit robbery, and possession of a firearm by a prohibited person at CP-51-CR-0008715-2019.[8]  Trial Disposition and Dismissal Forms and Written Guilty Plea Colloquies, 1/23/20, at CP-51-CR-0008711-2019, CP-51-CR-0008713-2019, CP-51-CR-0008714-2019, and CP-51-CR-0008715-2019.  Numerous additional charges were *nolle prossed* in exchange for the pleas.  ***Id.***  Sentencing was deferred for preparation of a pre-sentence investigation report.  N.T. 1/23/20, 23.

On June 17, 2021, the plea court revoked Appellant's probation at CP-51-CR-0000357-2019 and, on the remaining trial court dockets at issue here, sentenced him to concurrent terms of ten to twenty years' imprisonment for each of his robbery convictions with a concurrent four-to-eight-year imprisonment term for the probation revocation sentence.[9]  N.T. 6/17/21, 9-11.  Appellant did not file post-sentence motions or direct appeals in any of the underlying cases.

On June 15, 2022, Appellant filed in each of the underlying cases a petition for relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.

---

[8] 18 Pa.C.S. §§ 3107(a)(1)(ii), 903(c)/3107(a)(1)(ii), and 6105(a)(1).

[9] To be exact, the court referred to the imposition of concurrent imprisonment terms for four counts of robbery, even though Appellant only pleaded guilty to three counts of robbery in the underlying cases.  N.T. 6/17/21, 9-10 ("You will receive a concurrent sentence on all **four** robberies … That's all **four**.").  The court did not announce any sentences for the conspiracy and firearms convictions at CP-51-CR-0008711-2019, CP-51-CR-0008713-2019, CP-51-CR-0008714-2019, and CP-51-CR-0008715-2019.  The certified records for three of those four cases and the probation revocation case also lack sentencing orders from the June 17, 2021 hearing; the certified record for CP-51-CR-0008713-2019 contains a corrected sentencing order.

§ 9541, *et seq.* Present counsel was appointed and filed an amended PCRA petition. On February 13, 2023, the plea court, sitting as the PCRA court, reinstated Appellant's direct appeal rights *nunc pro tunc* in each of the underlying cases and permitted counsel thirty days to file post-sentence motions *nunc pro tunc*. Order, 2/13/23, 1 ("Counsel is to file post sentence motions within thirty (20) [sic] days of the date of this order.").

In each of his underlying cases, Appellant filed a motion for reconsideration of sentence. Motions for Reconsideration of Sentence, 2/23/23. He also filed a motion to withdraw his guilty pleas entered on January 23, 2020. Motions for Withdraw of Guilty Plea, 2/23/23. At CP-51-CR-0008711-2019, CP-51-CR-0008713-2019, CP-51-CR-0008714-2019, and CP-51-CR-0008715-2019, the plea court filed orders on June 26, 2023, informing Appellant that his post-sentence motions were denied by operation of law. Order, 6/26/23, 1. No responsive order was filed with respect to the post-sentence motion for reconsideration at CP-51-CR-0000357-2019. Appellant filed separate notices of appeal in each of the underlying cases on July 9, 2023. On July 24, 2023, the plea court filed orders in each of the underlying cases directing Appellant to file, within twenty-one days, concise statements of matters complained of on appeal pursuant Pa.R.A.P. 1925(b). Rule 1925 Orders, 7/24/23, 1. Appellant filed untimely Rule 1925(b) statements on August 23, 2023. Despite filing an initial opinion finding that Appellant waived his claims by failing to timely file Rule 1925(b) statements, the plea court filed a supplemental opinion addressing the issues raised in the

untimely Rule 1925(b) statements.[10]  Plea Court Opinion, 8/21/23, 1-2; Plea Court Supplemental Opinion, 11/28/23, 1-5.

On October 18, 2023, we issued a *per curiam* rule to show cause order at 1764 EDA 2023, in which we pointed out that the sentence on *nunc pro tunc* appeal at CP-51-CR-0000357-2019 was for a probation revocation term but Appellant's notice of appeal for that case was filed on July 9, 2023, where the court reinstated his direct appeal rights *nunc pro tunc* on February 23, 2023.  Rule to Show Cause Order, 1764 EDA 2023, 2/18/23, 1.  We directed Appellant to show cause, in a response to be filed within ten days of our order, why the appeal at 1764 EDA 2023 should not be quashed as untimely.  ***Id.***, ***citing*** Pa.R.A.P. 105(b) (this Court may not extend the time for filing a notice of appeal), Pa.R.Crim.P. 708(E) ("A motion to modify a sentence imposed after a revocation shall be filed within 10 days of imposition.  The filing of a motion to modify sentence will not toll the 30-day appeal period."), and ***Commonwealth v. Parlante***, 823 A.2d 927, 929 (Pa. Super. 2003) (a motion for modification of sentence imposed due to a revocation probation does not grant an additional 30 days to file an appeal once denied).  Appellant did not file a response, and we referred the issue raised by the rule to show cause order to the instant panel.  Order Discharging Rule to Show Cause Order, 1764 EDA 2023, 11/6/23, 1.  We then *sua sponte* consolidated the five pending appeals.  Consolidation Orders, 11/6/23, 1.

_____

[10] A new judge drafted the Rule 1925(a) opinions as, by that time, the judge who had sat as the plea/PCRA court had retired from the bench.

Appellant identifies the following issues for our review:

1.    Whether [A]ppellant's guilty pleas were entered knowingly, intelligently, and voluntary.

2.    Whether the sentencing court abused [its] discretion by imposing sentences that were not based upon the gravity of the violation, the extent of [A]ppellant's record, his prospect of rehabilitation, nor an assessment of the mitigating and aggravating factors as noted in 42 Pa.C.S. [§] 9721 of the Sentencing Code.

Appellant's Brief at 7.

Before turning to Appellant's substantive issues, it is incumbent on us to address the rule to show cause order which was referred to this panel as the issue raised in it bears on the existence of our jurisdiction for the appeal at 1764 EDA 2023.[11] *Commonwealth v. Valentine*, 928 A.2d 346, 349 (Pa. Super. 2007) (this Court may *sua sponte* raise jurisdictional issues); *see also Commonwealth v. Patterson*, 940 A.2d 493, 497 (Pa. Super. 2007) ("Jurisdiction is vested in the Superior Court upon the filing of a timely notice of appeal.") (citation omitted).  Here, the plea court, sitting as the PCRA court, reinstated Appellant's direct appeal and post-sentence motion rights after the filing of a PCRA petition.  The application of Pa.R.Crim.P. 708 created a different notice of appeal deadline for the appeal in CP-51-CR-0000357-2019 because that case, as opposed to the other four cases before us, pertained to

_____

[11] We note with disapproval that Appellant never responded to the rule to show cause order and neither of the parties have addressed it in their briefs despite the fact that we referred it to the panel assigned to address these appeals.

a judgment of sentence imposed after a probation revocation. For instance, we have noted:

> Rule 720 of the Pennsylvania Rules of Criminal Procedure in general governs the timing of post-sentence motion procedures and appeals. *See* Pa.R.Crim.P. 720. The disposition of a motion to modify a sentence imposed after a revocation hearing, however, is governed by Rule 708 (Violation of Probation, Intermediate Punishment, or Parole: Hearing and Disposition). *See* Pa.R.Crim.P. 720 *Comment*. Rule 708(E) states: "A motion to modify a sentence imposed after a revocation shall be filed within 10 days of the date of imposition. **The filing of a motion to modify sentence will not toll the 30-day appeal period**." Pa.R.Crim.P. 708(E) (emphasis added). Rule 708 makes clear Rule 720 does not apply to revocation cases. *Id. Comment.* ***See also Commonwealth v. Parlante***, 823 A.2d 927, 929 (Pa. Super. 2003) (internal citation omitted) (stating: "An appellant whose revocation of probation sentence has been imposed after a revocation proceeding has 30 days to appeal her sentence from the day her sentence is [imposed], regardless of whether … she files a post-sentence motion. Therefore, if an appellant chooses to file a motion to modify her revocation sentence, she does not receive an additional 30 days to file an appeal from the date her motion is denied").

***Commonwealth v. Burks***, 102 A.3d 497, 499-500 (Pa. Super. 2014).

Because Pa.Crim.P. 708(E) governed Appellant's deadlines for filing post-sentence motions and a notice of appeal from the judgment of sentence following a revocation of his probation, even where the direct appeal and post-sentence motion rights were reinstated *nunc pro tunc* via PCRA review, any post-sentence motions filed in that revocation case would not have tolled the thirty-day appeal period. ***See Burks***, 102 A.3d at 500 (holding Rule 708(E) applies in a probation revocation matter even after the reinstatement of direct appeal and post-sentence motion rights *nunc pro tunc*). Accordingly,

- 9 -

Appellant would have had thirty-days after the reinstatement of his direct appeal rights, until March 15, 2023, to file a timely notice of appeal in CP-51-CR-0000357-2019. **See** Pa.R.A.P. 903(a) (as a general rule, an appellant must file a notice of appeal "within 30 days after the entry of the order from which the appeal is taken"); Pa.R.A.P. 105(b) (this Court "may not enlarge the time for filing a notice of appeal…"); **see, e.g., Commonwealth v. Wright**, 846 A.2d 730, 734-35 (Pa. Super. 2004) ("When the trial court issues an order reinstating an appellant's appeal rights, the appellant must file the appeal within 30 days of the order reinstating the appeal rights. To permit an appellant to file the appeal more than thirty days after the reinstatement would put the appellant in a better position than he would have been absent counsel's failure to file a timely direct appeal.") (footnote omitted). Appellant did not file his notices of appeal for the five cases *sub judice* until July 9, 2023, which was within thirty days of the plea court informing Appellant that his post-sentence motions were denied by operation of law at CP-51-CR-0008711-2019, CP-51-CR-0008713-2019, CP-51-CR-0008714-2019, and CP-51-CR-0008715-2019.

Based on the application of Rule 708(E), the notice of appeal docketed at 1764 EDA 2023 is facially untimely. While we may not extend the deadline for filing a notice of appeal pursuant to Pa.R.A.P. 105(b), we may excuse the untimely filing in the event of a breakdown in the operations of the court. **See Commonwealth v. Braykovich**, 664 A.2d 133, 136 (Pa. Super. 1995) (noting that the official note to Pa.R.A.P. 105 makes clear that the appellate

courts retain the power to grant relief from the effects of a breakdown in the court system). In this instance, when the PCRA court reinstated Appellant's direct appeal rights, it set a time limit for the filing of post-sentence motions *nunc pro tunc*, but it was silent as to the deadline for filing a notice of appeal and did not inform Appellant that he had thirty days to file an appeal. Accordingly, we will not fault Appellant for failing to timely appeal the probation revocation sentence at CP-51-CR-0000357-2019 within thirty days of the restoration of his direct appeal rights. Therefore, we will not quash the appeal at 1764 EDA 2023. **See Wright**, 846 A.2d at 735 ("if a PCRA court restores a defendant's direct appeal rights *nunc pro tunc*, the court must inform the defendant that the appeal must be filed within 30 days of the entry of the order.").

After settling the outstanding jurisdictional issue at 1764 EDA 2023, we next must address Appellant's untimely Rule 1925(b) statements. Where the failure to file a Rule 1925(b) statement is the result of an omission by counsel, Rule 1925(c)(3) directs us as follows:

> If an appellant represented by counsel in a criminal case was ordered to file and serve a Statement and either failed to do so, or untimely filed or served a Statement, such that the appellate court is convinced that counsel has been *per se* ineffective, and the trial court did not file an opinion, the appellate court may remand for appointment of new counsel, the filing or service of a Statement *nunc pro tunc*, and the preparation and filing of an opinion by the judge.

Pa.R.A.P. 1925(c)(3). Rule 1925(c)(3) treats a counsel's failure to file a timely Rule 1925(b) statement as equivalent with the failure to file any Rule 1925(b) statement. We see no need to remand due to the late filing of the Rule 1925(b) statements in this instance because, "in the interest of expediency," the plea court already filed a supplemental opinion addressing the claims Appellant presents herein. Plea Court Supplemental Opinion, 11/28/23, 3. *See, e.g., Commonwealth v. Andrews*, 213 A.3d 1004, 1010 (Pa. Super. 2019) (declining to find waiver or remand for a Rule 1925(a) opinion where "the trial court did not comment on the untimely filing [of the defendant's] Rule 1925(b) statement and, in fact, it addressed all of the issues raised therein"). As there is no impairment of our jurisdiction or any apparent issues causing waiver based on non-compliance with Rule 1925(b), we may proceed with substantive review.

In the first issue presented, Appellant asserts that his guilty pleas, entered on January 23, 2020, were unknowingly, unintelligently, and involuntarily tendered because the plea court's oral colloquy failed to confirm his understanding of all the essential components for a valid plea. In particular, he alleges:

> The factual basis for each plea lacks any reference to [A]ppellant's role in each of the alleged incidents, as well as any evidence of his underlying intent. The on-the-record colloquy is so fundamentally bare that it cannot be cured by the written colloquy. A review of the record proves that [the plea court] did not conduct an inquiry into the six mandatory factors. [The plea court] did not ask [A]ppellant if he understood his right to a jury trial, his presumption of innocence, the nature of the charges against him,

> or the permissible range of sentences for the offenses charge[d],
> or that there was no agreement to the sentences to be imposed.

Appellant's Brief at 15.

Upon comparing this appellate challenge to the voluntariness of the guilty pleas with Appellant's *nunc pro tunc* post-sentence motions to withdraw his pleas, we find that parts of Appellant's instant claim are waived for lack of preservation. "In order to preserve an issue related to a guilty plea, an appellant must either 'object[ ] at the sentence colloquy or otherwise raise[ ] the issue at the sentence hearing or through a post-sentence motion.'" ***Commonwealth v. Monjaras-Amaya***, 163 A.3d 466, 468-69 (Pa. Super. 2017) (citation omitted); ***see also Commonwealth v. Lincoln***, 72 A.3d 606, 609-10 (Pa. Super. 2013) ("A defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing. Failure to employ either measure results in waiver.") (citations omitted). Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal."). Accordingly, the bounds of Appellant's claim in his *nunc pro tunc* post-sentence motion to withdraw his guilty pleas set the reviewable bounds of Appellant's appellate challenge to the voluntariness of his pleas. ***See Monjaras-Amaya***, 163 A.3d at 469 ("It is for the court which accepted the plea to consider and correct, in the first instance, any error which may have been committed.") (citation omitted).

In his *nunc pro tunc* post-sentence motions to withdraw his guilty pleas, Appellant asserted:

> [Appellant's] guilty pleas were unlawfully induced based on their unknowing and involuntary nature, as well as counsel's ineffectiveness. Trial counsel failed to provide effective assistance of counsel by providing misleading information regarding the potential sentence to be imposed, failing to failing to [*sic*] file and litigate pre-trial motions, and failing to interview and subpoena witnesses. [Appellant] di[d] not understand the legal and factual basis for the guilty pleas, and was compelled to enter the guilty pleas by trial counsel's inadequate representation.

Motion for Withdraw Guilty Plea, 2/23/23, ¶ 8. The assertions about trial counsel's ineffective assistance should be deferred to PCRA review pursuant to **Commonwealth v. Grant**, 813 A.2d 726 (Pa. 2002) (setting general rule that defendants should wait to raise claims of ineffective assistance of counsel until collateral review).[12] **See Commonwealth v. Holmes**, 79 A.3d 562, 576 (Pa. 2013) ("claims of ineffective assistance of counsel are to be deferred to PCRA review; trial courts should not entertain claims of ineffectiveness upon post-verdict motions; and such claims should not be reviewed upon direct appeal"). When we disregard the portions of the post-sentence motion claim that addressed the alleged ineffectiveness of Appellant's prior counsel, the only remaining part of the claim for our review that could be construed as preserving a trial court error claim for purposes of this direct appeal is the

_____

[12] While there are limited exceptions to the general rule in **Grant**, Appellant did not assert that any exceptions applied in his post-sentence motion *nunc pro tunc*.

- 14 -

assertion that Appellant did not understand "the legal and factual basis for the guilty pleas." Accordingly, our review of the instant claim is limited to examining the trial court's failure to confirm Appellant's understanding of those aspects of the pleas.

When a defendant seeks to withdraw a plea after sentencing, he "must demonstrate prejudice on the order of manifest injustice before withdrawal is justified." *Commonwealth v. Yeomans*, 24 A.3d 1044, 1046 (Pa. Super. 2011) (citation omitted). "[A] manifest injustice occurs when a plea is not tendered knowingly, intelligently, voluntarily, and understandingly." *Commonwealth v. Kpou*, 153 A.3d 1020, 1023 (Pa. Super. 2016) (citation omitted). In determining whether a plea is valid, the court must examine the totality of the circumstances surrounding the entry of the plea. *Id.* Where a written plea colloquy is supplemented by an oral colloquy, the proceedings strongly suggest that a defendant's plea was knowing and intelligent. *See, e.g., Commonwealth v. Sauter*, 567 A.2d 707, 708-09 (Pa. Super. 1989).

Here, the oral guilty plea colloquy is fairly limited in that it only covered roughly three pages of notes of testimony. N.T. 1/23/20, 21-23. As for the "legal and factual basis for the guilty pleas," the oral colloquy included the block-quoted summary of the facts included above, *see supra* pgs. 3-4. The written guilty plea colloquies included the following assertions: (1) Appellant committed the crimes for which he was pleading guilty, Written Guilty Plea Colloquy, 1/23/20, 1; (2) his attorney "told [him] what the elements of the crime(s) are that the District Attorney must prove to convict [him]," *id.*; and

- 15 -

(3) "The facts of the case have been read to me. The crimes and elements of the crime[s] have been explained to be me. I committed the crimes(s), and that is why I am pleading guilty," *id.* at 3.

Appellant argues that the plea court could not have "relied solely upon the contents of the written colloquies to determine the voluntary and intelligent nature of [his] pleas" and that "[i]t was incumbent upon the court to determine whether [he] understood the content of the colloquies and the charges to which he which he entered the guilty pleas, [and] not simply determine that he signed them and presume comprehension based on that fact." Appellant's Brief at 15. He offers no legal support for that argument and fails to point out any precedent suggesting that we can disregard the contents of his written guilty plea colloquies in this instance to conclude that he did not understand the legal and factual basis for his pleas. Instead, "one is bound by one's statements made during a plea colloquy, and may not successfully assert claims that contradict such statements." *Commonwealth v. Muhammad*, 794 A.2d 378, 384 (Pa. Super. 2002). That also includes the statements Appellant made in his written guilty plea colloquies. *See Commonwealth v. Reid*, 117 A.3d 777, 784 (Pa. Super. 2015) (noting that an appellant challenging the voluntariness of his guilty plea was "further bound by the[] written statements" included in his written guilty plea colloquy). Accordingly, Appellant was bound by the statements in his written guilty plea colloquies confirming his understanding of the facts and elements of the offenses to which he pleaded guilty. Based on those statements, the

plea court acted within its discretion by denying his claim that he was entitled to post-sentence withdrawal of his plea based on his supposed lack of understanding concerning the factual and legal basis for his pleas.

In his second issue, Appellant challenges the discretionary aspects of his imprisonment sentences. Upon thoroughly reviewing the certified record for this case, we notice an issue concerning the legality of the sentences that renders any review of their discretionary aspects moot. Though the parties did not address the legality of the sentences, we may address them *sua sponte*. **See Commonwealth v. Watson**, 228 A.3d 928, 941 (Pa. Super. 2020) (issues relating to legality of sentence may be raised *sua sponte*).

The terms of imprisonment at issue include a probation revocation term at CP-51-CR-0000357-2019 designated to be served concurrent with multiple concurrent terms for offenses that supposedly constituted a direct violation of the probation term that was revoked. Appellant's original sentence in the revocation case was a county imprisonment term of eleven and one-half to twenty-three months' imprisonment to be followed by five years' probation. Sentencing Order, CP-51-CR-0000357-2019, 6/24/19, 1. The sentencing order for that term specified that the sentence "shall commence on 06/24/19." *Id.* Appellant was thus sentenced to serve imprisonment until May 24, 2021, which was then to be followed by a probation term that would be served until May 24, 2026. As demonstrated by Appellant's guilty plea colloquy on January 23, 2020, all of Appellant's offenses that were treated as direct violations of his probation occurred between July 30, 2019 and August 15, 2019. N.T.

1/23/20, 22-23. Pursuant to our *en banc* decision in **Commonwealth v. Simmons**, 262 A.3d 512, 524 (Pa. Super. 2021) (*en banc*), the plea court could not have anticipatorily revoked the order of probation at CP-51-CR-0000357-2019 when Appellant committed his new crimes before he began serving his sentence of probation. While the decision in **Simmons** was filed after the plea court issued the revocation sentence, "[i]t is well settled that Pennsylvania appellate courts apply the law in effect at the time of the appellate decision[; thus] a party whose case is pending on direct appeal is entitled to the benefit of changes in law which occur before the judgment becomes final." **Commonwealth v. Conley**, 286 A.3d 313, 317 n.9 (Pa. Super. 2022) (citation and quotation marks omitted). As a result, **Simmons** applies in this direct appeal, and it renders Appellant's revocation sentence illegal. **See Commonwealth v. Conley**, 266 A.3d 1136, 1140 (Pa. Super. 2021) ("It is axiomatic that a sentence imposed without statutory authority is an illegal sentence.") (citation omitted).

The revocation court illegally resentenced Appellant to serve a new term of incarceration for a probation violation at CP-51-CR-0000357-2019. Instead, the plea court only could have made Appellant serve the backtime on his original imprisonment term to be followed by the original probation term that he never started serving. **See Commonwealth v. Mitchell**, 632 A.2d 934, 936 (Pa. Super. 1993) ("the order revoking parole does not impose a new sentence; it requires appellant, rather, to serve the balance of a valid sentence previously imposed. Moreover, such a recommittal is just that-a

recommittal and not a sentence. Further, at a 'violation of parole' hearing, the court is not free to give a new sentence.") (citations and some capitalization omitted). Accordingly, we vacate Appellant's "violation of probation" judgment of sentence and remand for resentencing so that the plea court may impose the backtime term and reinstate the original order of probation at CP-51-CR-0000357-2019.

The grant of relief to remedy the improper anticipatory revocation of Appellant's probation upsets the original sentencing scheme because the unserved five-year probationary term would need to be served consecutive to the aggregate ten-to-twenty-year imprisonment terms that were imposed in the four cases constituting the direct violations of Appellant's parole. ***See Commonwealth v. Allshouse***, 33 A.3d 31, 36 (Pa. Super. 2011) ("[W]e find no support in the Pennsylvania statutes that the General Assembly intended to permit defendants to serve a term of probation and term of state incarceration simultaneously."), ***overruled on other grounds by Commonwealth v. Simmons***, 262 A.3d 512 (Pa. Super. 2021) (*en banc*). On that basis, we also must vacate Appellant sentences at CP-51-CR-0008711-2019, CP-51-CR-0008713-2019, CP-51-CR-0008714-2019, and CP-51-CR-0008715-2019, and remand for complete resentencing. ***See Commonwealth v. Thur***, 906 A.2d 552, 569 (Pa. Super. 2006) (stating that if this Court's "disposition upsets the overall sentencing scheme of the trial court, we must remand so that the court can restructure its sentence plan") (citation omitted).

Judgments of sentence vacated.  Cases remanded for resentencing with instructions to require service of backtime and reinstate the original order of probation at CP-51-CR-0000357-2019.  Jurisdiction relinquished.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/25/2024